IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| CHAZ D. PINKSTON, #148934 | PLAINTIFF |
| VS. | CIVIL ACTION NO. 5:18-cv-103-DCB-MTP |
| MANAGEMENT & TRAINING CORPORATION ("MTC"), ET AL | DEFENDANTS |

**ANSWER & DEFENSES OF JODY BRADLEY, KAREN BROWN, TERRY DANIEL, RUBY DIXON, BRYAN GASTON, JOHN GUEHO, CHANDRA HUGHEY, ROBERT MARQUARDT, BESSIE MCKNIGHT, GREGORY SMITH, TONYA TOOMEY, GABRIEL WALKER, ROBYN WILLIAMS, AND MANAGEMENT & TRAINING CORPORATION**

COME NOW Defendants Jody Bradley, Karen Brown, (sued as "Unknown Brown"), Terry Daniel, Ruby Dixon (sued as "Unknown Dixon"), Bryan Gaston, (sued as "Unknown Gaston"), John Gueho,(sued as "Unknown Gueho"), Chandra Hughey, Management & Training Corporation ("MTC"), Robert Scott Marquardt, Bessie McKnight (sued as "Unknown January"), Gregory Smith, Tonya Toomey, Gabriel Walker, and Robyn Williams, by and through counsel, and file this their Answer & Defenses to Plaintiff's Complaint [1], as supplemented by his Amended Complaints [5, 13, 16] and Responses [8, 10] to the Court's Orders, as follows:

**FIRST DEFENSE**

Plaintiff's Complaint against these Defendants fails to state a claim upon which relief may be granted against them and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. These Defendants further raise all other defenses available to them pursuant to Rule 12(b)(1) through (7) of the Federal Rules of Civil Procedure.

{D1162712.1}

## SECOND DEFENSE

Without waiving the right to be heard on the foregoing defenses, these Defendants respond to the Plaintiff's Complaint against them, as supplemented, as follows:

## OTHER LAWSUITS FILED BY PLAINTIFF

These Defendants currently do not have information sufficient to form a belief as to the truth of the allegations contained in the section of Plaintiff's Complaint regarding other lawsuits he has filed and, therefore, the same are denied.

## PARTIES

It is admitted that Plaintiff is a post-conviction inmate in the custody of the Mississippi Department of Corrections currently housed at Wilkinson County Correctional Facility ("WCCF"). It is further admitted that Defendants Jody Bradley, Karen Brown (sued as "Unknown Brown"), Terry Daniel, Ruby Dixon (sued as "Unknown Dixon"), Bryan Gaston (sued as "Unknown Gaston"), John Gueho (sued as "Unknown Gueho"), Chandra Hughey, Robert Scott Marquardt, Bessie McKnight (sued as "Unknown January"), Gregory Smith, Tonya Toomey, Gabriel Walker, and were at all relevant times employed by Defendant Management & Training Corporation ("MTC") as correctional staff at WCCF. It is further admitted that Defendant Robyn Williams was also at all relevant times employed by MTC. The remaining allegations contained in the section of Plaintiff's Complaint titled "Parties" are denied as stated.

## GENERAL INFORMATION

A-D. These Defendants admit that at all relevant times, Plaintiff was a post-conviction inmate in the custody of the Mississippi Department of Corrections.

E. Defendants deny that Plaintiff properly exhausted his available administrative remedies as to all claims asserted against them prior to filing suit.

F. N/A

STATEMENT OF CLAIM

These Defendants deny the allegations contained in the section of Plaintiff's Complaint titled "Statement of Claim" – including those allegations contained in any attachment, exhibit, or supplement to Plaintiff's Complaint – upon which Plaintiff seeks to impose liability upon them. These Defendants also affirmatively deny they breached any duty they owed to Plaintiff and further deny that they deprived the Plaintiff of any rights or privileges arising under any laws of the State of Mississippi and of the United States.

RELIEF

These Defendants deny the allegations contained in the section of Plaintiff's Complaint titled "Relief" – including those allegations contained in any attachment, exhibit, or supplement to Plaintiff's Complaint – upon which Plaintiff seeks to impose liability upon them. These Defendants further deny they breached any duty they owed to Plaintiff and further deny they deprived Plaintiff of any rights or privileges arising under any laws of the State of Mississippi and of the United States. These Defendants further deny Plaintiff is entitled to the relief requested or any relief from them whatsoever.

AMENDED COMPLAINT [5]

These Defendants deny the allegations contained in Plaintiff's Amended Complaint [5] – including those allegations contained in any attachment, exhibit, or supplement to Plaintiff's Motion to Amend – upon which Plaintiff seeks to impose liability upon them. These Defendants

further deny they breached any duty they owed to Plaintiff and further deny they deprived Plaintiff of any rights or privileges arising under any laws of the State of Mississippi and of the United States. These Defendants further deny Plaintiff is entitled to the relief requested or any relief from them whatsoever.

## AMENDED COMPLAINT [13]

These Defendants deny the allegations contained in Plaintiff's Amended Complaint [13] – including those allegations contained in any attachment, exhibit, or supplement to Plaintiff's Motion to Amend – upon which Plaintiff seeks to impose liability upon them. These Defendants further deny they breached any duty they owed to Plaintiff and further deny they deprived Plaintiff of any rights or privileges arising under any laws of the State of Mississippi and of the United States. These Defendants further deny Plaintiff is entitled to the relief requested or any relief from them whatsoever.

## AMENDED COMPLAINT [16]

These Defendants deny the allegations contained in Plaintiff's Amended Complaint [16] – including those allegations contained in any attachment, exhibit, or supplement to Plaintiff's Motion to Amend – upon which Plaintiff seeks to impose liability upon them. These Defendants further deny they breached any duty they owed to Plaintiff and further deny they deprived Plaintiff of any rights or privileges arising under any laws of the State of Mississippi and of the United States. These Defendants further deny Plaintiff is entitled to the relief requested or any relief from them whatsoever.

## RESPONSE [8] TO COURT'S ORDER

These Defendants deny the allegations contained in Plaintiff's Response [8] to the Court's Order – including those allegations contained in any attachment, exhibit, or supplement to Plaintiff's Motion to Amend – upon which Plaintiff seeks to impose liability upon them. These Defendants further deny they breached any duty they owed to Plaintiff and further deny they deprived Plaintiff of any rights or privileges arising under any laws of the State of Mississippi and of the United States. These Defendants further deny Plaintiff is entitled to the relief requested or any relief from them whatsoever.

## RESPONSE [10] TO COURT'S ORDER

These Defendants deny the allegations contained in Plaintiff's Amended Complaint [10] – including those allegations contained in any attachment, exhibit, or supplement to Plaintiff's Motion to Amend – upon which Plaintiff seeks to impose liability upon them. These Defendants further deny they breached any duty they owed to Plaintiff and further deny they deprived Plaintiff of any rights or privileges arising under any laws of the State of Mississippi and of the United States. These Defendants further deny Plaintiff is entitled to the relief requested or any relief from them whatsoever.

AND NOW, having responded to the Plaintiff's Complaint, as supplemented, and having denied all liability, these Defendants would show unto the Court the following special and affirmative matters:

**FIRST AFFIRMATIVE DEFENSE**

Defendants specifically deny each and every allegation in Plaintiff's Complaint, Amended Complaints, and Responses that has not been specifically admitted.

## SECOND AFFIRMATIVE DEFENSE

No acts or omissions of these Defendants caused or contributed to any constitutional violations or injuries, and all actions taken by these Defendants were done with probable cause, reasonable care, and in accordance with the policies and procedures of the Mississippi Department of Corrections.

## THIRD AFFIRMATIVE DEFENSE

At all times, these Defendants provided the Plaintiff with care, custody, and security which was, at a minimum, adequate under the standards of the Constitution of the United States, including the Eighth Amendment, as well as the Constitution and Laws of the State of Mississippi.

## FOURTH AFFIRMATIVE DEFENSE

No rights, liberties, privileges, or constitutional rights were violated by these Defendants in any way. All applicable guidelines, rules, and policies were followed and complied with.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for emotional and mental damages, if any, are barred pursuant to 42 U.S.C. § 1997e(e).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff may have suffered from pre-existing conditions not caused or contributed to by the actions of these Defendants, and if so, there can be no recovery for said pre-existing conditions.

## SEVENTH AFFIRMATIVE DEFENSE

These Defendants would show that Plaintiff has a duty to use reasonable care to mitigate his damages, and any damages that could have been mitigated, and were not, are not recoverable.

### EIGHTH AFFIRMATIVE DEFENSE

At no time did these Defendants act with deliberate indifference to any right guaranteed to the Plaintiff by the U.S. Constitution.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to identify any actions or omissions on the part of these Defendants that rise to the level of a violation of his rights under the U.S. Constitution.

### TENTH AFFIRMATIVE DEFENSE

These Defendants plead all applicable provisions of the Prison Litigation Reform Act as a bar to the Plaintiff's claims or as a limitation of liability, which is denied.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff, by and through his Complaint, and previous Complaints, if applicable, is subject to the provisions of 28 U.S.C. § 1915.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff is subject to the provisions and limitations of 42 U.S.C. § 1997e(a) regarding the requirement that Plaintiff exhaust his administrative remedies, and this action is barred if Plaintiff failed to comply therewith.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any deprivation which rises to the level of a constitutional violation.

## FOURTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, these Defendants acted in good faith within their discretionary authority. The actions of these Defendants were reasonable, without malice, and in accordance with existing principles of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

These Defendants cannot be vicariously under 42 US.C. § 1983 for the alleged acts or omissions of others.

## SIXTEENTH AFFIRMATIVE DEFENSE

The allegations contained in Plaintiff's Complaint and Motion to Amend may be barred by the applicable statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury, which is denied, the same was *de minimus* and Plaintiff's claim must be dismissed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no constitutional right to a particular custodial classification or housing assignment.

## NINETEENTH AFFIRMATIVE DEFENSE

There is no act or omission or any type of gross negligence or willful or wanton conduct that would give rise to the imposition of punitive damages in this case or even the consideration of the same. These Defendants raise all provisions of MISS. CODE ANN. § 11-1-65 in response to the Plaintiff's claim for punitive damages and the same should be dismissed.

## TWENTIETH AFFIRMATIVE DEFENSE

These Defendants incorporate by reference any and all limitations regarding the enforceability and the constitutionality of punitive damages awards as set forth in *BMW of America v. Gore*, 116 U.S. 1589 (1996), and *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). The imposition of punitive damages violates various articles and sections of the Mississippi Constitution and the United States Constitution including the due process clause, excessive fines, and the standards are not clear and, therefore, the imposition of punitive damages against these Defendants is constitutionally vague and overly broad and violates the 8th and 14th Amendments of the Constitution of the United States of America and Article 3 and various sections thereunder of the Mississippi Constitution. Further, certain damages sought by Plaintiff and the imposition thereof would violate the 5th and 14th Amendments of the United States Constitution and the corresponding provisions of the Mississippi Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

These Defendants hereby give notice that they intend to rely on such other and further defenses that may become available or apparent during discovery in this action and reserve the right to amend their answer to assert any such defenses.

WHEREFORE, PREMISES CONSIDERED, these Defendants respectfully request that Plaintiff's Complaint against them be dismissed with all costs to be assessed against the Plaintiff.

THIS, the 26th day of March, 2019.

Respectfully submitted,

JODY BRADLEY, KAREN BROWN, (SUED AS "UNKNOWN BROWN"), TERRY DANIEL, RUBY DIXON (SUED AS "UNKNOWN DIXON"), BRYAN GASTON, (SUED AS "UNKNOWN GASTON"), JOHN GUEHO,(SUED AS "UNKNOWN GUEHO"), CHANDRA HUGHEY, MANAGEMENT & TRAINING CORPORATION ("MTC"), ROBERT SCOTT MARQUARDT, BESSIE MCKNIGHT (SUED AS "UNKNOWN JANUARY"), GREGORY SMITH, TONYA TOOMEY, GABRIEL WALKER, AND ROBYN WILLIAMS

BY:   /s/ *Steven J. Griffin*
      OF COUNSEL

STEVEN J. GRIFFIN - BAR # 103218
sgriffin@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

> Chaz D. Pinkston, #148934
> Wilkinson County Correctional Facility
> 2999 U.S. Hwy 61 North
> Woodville, MS 39669

      /s/ *Steven J. Griffin*