IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CHAZ D. PINKSTON**                                                                                            **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 5:18-cv-103-MTP**

**PELICIA HALL, ET AL.**                                                                 **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration [290] and Motion to Appeal Court Order [293].

**Motion for Leave to Appeal [293]**

On May 18, 2020, the Court denied Plaintiff's Motion for Temporary Restraining Order [213] and granted Defendants' Motions for Summary Judgment [183] [216] [223]. *See* Order [288]. The Court dismissed Plaintiffs claims against Defendants Trinity Services Group, Inc., Delvitia Davis, Centurion of Mississippi, LLC, Eshunna Robinson, April Meggs, Nathaniel Reed, Dr. James Burke, Pelicia Hall, Jerry Williams, Roger Davis, Richard Pennington, Tony Compton, Gloria Perry, Mike Hatten, Chandra Berryman, and Larry Lee. *Id*. The Court, however, granted in part and denied in part Motion for Summary Judgement [227], and Plaintiff's claims against Defendants MTC, Robert Marquardt, Robyn Williams, Jody Bradley, Gabriel Walker, Tonya Toomey, Terry Daniels, Justin Green, Karen Brown, John Gueho, Delando Miles, and Bessie McKnight concerning the cleanliness of Plaintiff's cell remain. *Id*. Additionally, Plaintiff's First Amendment claim against Defendant Jody Bradley remains. *Id*.

On June 19, 2020, Plaintiff filed a Motion to Appeal Court Order [293], seeking leave to appeal the Court's rulings in Order [288]. As the Court's Order [288] did not dismiss all of Plaintiff's claims and a final judgment has not been entered, the Court will consider Plaintiff's

1

Motion [293] as a motion pursuant to Federal Rule of Civil Procedure 54(b), which states as follows:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . .

Fed. R. Civ. P. 54(b).

As a threshold matter, the Court exercises its sound discretion in determining whether "there is no just reason for delay." *Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). To do so, the Court balances the "cost and inconvenience of piecemeal review and the danger of injustice from delay." *Vaughan v. Carlock Nissan of Tupelo, Inc*., 2011 WL 4433597, at *1 (N.D. Miss. Sept. 21, 2011). Rule 54(b) motions are "disfavored and should be granted only when necessary to avoid injustice." *PYCA Indus., Inc. v. Harrison County Waste Mgmt*., 81 F.3d 1412, 1421 (5th Cir. 1996). Here, Plaintiff has not presented, and the Court does not find, any justification warranting the application of Rule 54(b). Therefore, the Court's Order [288] shall not be certified as a final judgment, and no appeal may be taken at this time. Plaintiff may appeal when a final judgment is entered disposing of the remaining claims.

**Motion for Reconsideration [290]**

On April 23, 2020, Plaintiff filed a Motion for Copies [286], requesting copies of all docket entries filed since January 13, 2020, which includes docket entries [251] through [285] and the attached exhibits. On May 15, 2020, the Court denied the Motion [287]. *See* Order [287]. On May 27, 2020, Plaintiff filed a Motion for Reconsideration [290], seeking a copy of the docket sheet (not all of the docker entries) and copies of his Response [276] in opposition of

the Motion for Summary Judgment filed by the Centurion Defendant along with the attached exhibits. The Court will provide Plaintiff a copy of the docket sheet. However, the Court will deny Plaintiff's request for copies of his Response [276] along with the attached exhibits. Plaintiff's *in forma pauperis* status does not excuse him from payment of litigation costs that a party must bear, including copying fees. *Wilson v. Epps*, 2009 WL 1116309, at *2 (S.D. Miss. April 24, 2009); *U.S. v. Delgado*, 2012 WL 2952425, at *1 (W.D. La. July 18, 2012); *Gill v. Neaves*, 657 F. Supp. 1394, 1402 (W.D. Tex. 1987). Additionally, Plaintiff has not demonstrated that copies of the Response [276] along with the attached exhibits are necessary. According to Plaintiff, he is seeking the copies "in order to effectively and timely file an appeal." However, a final judgment has not been entered, and the Court has declined to grant a judgment pursuant to Fed. R. Civ. P. 54(b). As no appeal is authorized at this time, the copies are not needed for the purpose stated.

    IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Reconsideration [290] is GRANTED in part and DENIED in part. The Clerk of Court shall send a copy of the docket sheet to the Plaintiff. All other relief requested in Motion [290] is denied.

2. Plaintiff's Motion to Appeal Court Order [293] is DENIED.

    SO ORDERED this the 25th day of June, 2020.

                                              s/Michael T. Parker
                                              UNITED STATES MAGISTRATE JUDGE