IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHAZ D. PINKSTON                                                                                          PLAINTIFF

v.                                                                          CIVIL ACTION NO. 5:18-cv-103-MTP

JODY BRADLEY, ET AL.                                                                                DEFENDANTS

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion *in Limine* [311] and Motion for Leave to File a Reply [314]. On October 1, 2018, Plaintiff Chaz Pinkston, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. The allegations in Plaintiff's complaint occurred while he was incarcerated as a post-conviction inmate at the Wilkinson County Correctional Facility ("WCCF").[1] Plaintiff named forty-two Defendants and asserted claims concerning medical care, use of force, conditions of confinement, First Amendment rights, and the prison's administrative remedies program.

The only claims that remain following the Court's rulings of Defendants' motions for summary judgment are those against Defendants Jody Bradley, Gabriel Walker, Tonya Toomey, Terry Daniels, and MTC concerning the cleanliness of Plaintiff's cell. *See* Order [310]. Specifically, Plaintiff alleges that his cell was never cleaned and that there was dried blood, feces, and mildew on the walls. Plaintiff also alleges that there was mold on the air vents and that the prison had spiders, gnats, and ants. *See* Omnibus Order [146].

In his Motion *in Limine* [311], Plaintiff seeks to have the Court exclude from evidence his "entire prison file" and his prior criminal conviction and sentence.[2] According to Plaintiff,

---

[1] Plaintiff is currently incarcerated at the East Mississippi Correctional Facility.

1

his prison file includes his disciplinary, institutional, and administrative history. Plaintiff argues that this information is not relevant to his remaining claims. Federal Rule of Evidence 402 provides that: "Irrelevant evidence is not admissible." Evidence is considered relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *See* Fed. R. Evid. 401.

In their Response [312], Defendants note that Plaintiff does not identify any specific records but simply requests that the Court exclude his entire prison file. Defendants argue that, despite Plaintiff's broad assertion, certain institutional records are clearly relevant to the remaining claims. Defendants provide some examples. They assert that Plaintiff's housing records establish the time period he was assigned to the cell at issue. They also assert that Plaintiff's institutional records contain notes from prison officials indicating that Plaintiff complained about many issues concerning his confinement in long-term segregation, but not the cleanliness of his cell.

Plaintiff's Reply [315] undercuts his argument. Plaintiff alleges that he was subjected to inhumane living conditions twenty-four hours a day for more than two years. *See* Reply [315] at 1. He asserts that segregation logs will support his claims and that his grievances are proof of his living conditions. *Id*. at 2. Additionally, he asserts that he was subjected to collective or group punishment. *Id*. at 4.

It is apparent that Plaintiff's prison file contains relevant information, and the Court is mindful that "[e]videntiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can

---

[2] Defendants filed a Response [312], opposing the Motion *in Limine*, and Plaintiff filed a Motion for Leave to File a Reply [314], along with a Reply [315]. The Court will grant Plaintiff's Motion [314] and will consider his Reply [315].

be resolved in the proper context." *Lamb v. Crites*, 2012 WL 6629789, at *1 (S.D. Tex. Dec. 18, 2012). The Court has not been apprised of sufficient information concerning the relevance of all the information in Plaintiff's prison file. Accordingly, the Court will deny Plaintiff's Motion [311] to the extent he seeks the exclusion of his entire prison file without prejudice to his right to raise specific objections at trial or beforehand once the exhibits are identified.

Plaintiff also argues that his disciplinary record should be excluded pursuant to Fed. R. Evid. 404(b). Rule 404(b)(1) provides: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence, however, may be admissible for impeachment or other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *See* Fed. R. Evid. 404(b); *see also Ellis v. Capps*, 500 F.2d 225, 226 (5th Cir. 1974) (holding that a prisoner plaintiff's disciplinary records "were admissible to show his bias and prejudice against the warden as head of the institution of which [plaintiff] was so ill-adjusted."). Thus, the admissibility of Plaintiff's disciplinary record will turn on the context and purpose of its introduction.

The Court finds that Plaintiff's request is overly broad and devoid of specific context. Plaintiff does not identify any specific disciplinary record. Accordingly, the Court will deny Plaintiff's Motion [311] to the extent he seeks the exclusion of the disciplinary record without prejudice to his right to raise objections at trial or beforehand once the exhibits are identified.

Finally, the Court will address Plaintiff's request that his criminal conviction and sentence be excluded from evidence. In 2009, Plaintiff was convicted of armed robbery and sentenced to thirty-five years in prison. Plaintiff argues that his conviction and sentence should be excluded pursuant to Fed. R. Evid. 609. Rule 609 governs the admission of evidence of a

criminal conviction for the purpose of attacking a witness's character for truthfulness. The Rule provides that "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence: (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant . . . ." Fed. R. Evid. 609(a).[3]

Additionally, Rule 609(b) provides that "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later[,]" evidence of the conviction is admissible only if its probative value substantially outweighs its prejudicial effect. Plaintiff notes that his conviction occurred more than ten years ago. However, as Plaintiff remains incarcerated for his armed robbery conviction, Rule 609(b) is not applicable. *See McQueen v. Evans*, 1995 WL 17797616, at *3 (5th Cir. Oct. 11, 1995).

Thus, the Court must apply Rule 609(a)(1), which provides that Plaintiff's conviction must be admitted, subject to Rule 403. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The very nature of this lawsuit—prison conditions—will reveal to the jury that Plaintiff is incarcerated, and the fact that Plaintiff is a convicted felon will come as no surprise to the jury. Additionally, Defendants adamantly dispute Plaintiff's allegations, and they plan to introduce evidence of Plaintiff's conviction to impeach his credibility. The Court recognizes the

---

[3] Rule 609(a)(2) provides that evidence of a crime must be admitted "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Defendants do not argue that the crime of armed robbery falls under this provision.

significance of Plaintiff's testimony and that the credibility of the parties will be of critical importance in this case.  Balancing the probative value of the evidence against the danger of unfair prejudice, the Court will permit Defendants to offer evidence establishing that Plaintiff is a convicted felon who was sentenced to thirty-five years in prison for impeachment purposes.

The Court, however, finds that evidence of Plaintiff's specific conviction—armed robbery—and the underlying nature of his crime should be excluded.  Defendants make no effort to demonstrate that Plaintiff's crime involved dishonesty.[4]  Based on the record before the Court, it is not apparent that Plaintiff's conviction for armed robbery, as opposed to any other felony, would provide probative value.  As an example, Defendants argue that they should be allowed to submit evidence showing that any emotional distress allegedly suffered by Plaintiff is attributable "to the fact that Plaintiff knows he will spend much of his adult life in prison, away from the people, places, and things most dear to him."  Defendants would be able to accomplish this with evidence that Plaintiff was convicted of a felony and sentenced to thirty-five years in prison, without reference to Plaintiff's particular crime.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Leave to File a Reply [314] is GRANTED.

2. Plaintiff's Motion *in Limine* [311] is GRANTED in part and DENIED in part as set forth herein.

---

[4] In *Bogard v. State*, the Mississippi Supreme Court allowed the impeachment of a witness with a prior armed robbery conviction where "the State successfully demonstrated . . . [the conviction] had some intrinsic probative value regarding [the witness's] propensity for truthfulness while under oath." 624 So.2d 1313, 1317 (Miss. 1993).  On the other hand, in *Mack v. State*, the Mississippi Court of Appeals determined that a criminal defendant "failed to present any evidence that [the witness's] prior [armed robbery] conviction or the circumstances surrounding [the] conviction would have offered any probative value . . . ." 129 So.3d 230, 232 (Miss. App. 2013).

SO ORDERED this the 21st day of July, 2021.

                                                s/Michael T. Parker
                                                UNITED STATES MAGISTRATE JUDGE