IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHAZ D. PINKSTON, #148934                                                  PLAINTIFF

VS.                                              CIVIL ACTION NO. 5:18-cv-103-MTP

MANAGEMENT & TRAINING
CORPORATION ("MTC"), ET AL                                               DEFENDANTS

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON
PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

COME NOW Defendants Jody Bradley, Gabriel Walker, Tonya Toomey, Terry Daniel, and Management & Training Corporation, by counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure, and file this their Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies, as follows:

1.     Plaintiff Chaz Pinkston filed this civil action on October 1, 2018, pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights related to his incarceration at Wilkinson County Correctional Facility ("WCCF"). *See* Complaint [1]. Plaintiff was at all relevant times a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"). He is proceeding in this case *pro se* and *in forma pauperis*. Plaintiff's claims are subject to the Prison Litigation Reform Act ("PLRA").

2.     Although Plaintiff initially sued numerous individuals on a wide range of claims, the only claims that remain pending in this case are those against Warden Jody Bradley, Deputy Warden Gabriel Walker, Deputy Warden Tonya Toomey, Major Terry Daniel, and Management & Training Corporation under the Eighth Amendment for allegedly subjecting Plaintiff to unsanitary living conditions in his cell on the long-term segregation unit at WCCF.

3.     Plaintiff arrived at WCCF on January 24, 2018, and was assigned to H-Pod, a zone in the facility's long-term segregation housing unit. Plaintiff was still housed on the same unit when he filed this lawsuit on October 1, 2018. He remained housed on H-Pod until

November 9, 2020, when he was moved to F-Pod, which is a general population zone at WCCF. Plaintiff ultimately was transferred from WCCF to another correctional facility on January 21, 2021.

4.      Plaintiff has submitted more than 100 grievances through the MDOC's Administrative Remedy Program ("ARP"), including dozens of grievances pertaining to his incarceration at WCCF. *See* Williams Affidavit, Exh. "A." However, the record before the Court demonstrates that Plaintiff did not properly exhaust his available administrative remedies as to his remaining claims against these Defendants prior to filing suit against them.

5.      Although Plaintiff did submit several grievances prior to filing suit that generally complained about his conditions of confinement at WCCF, those grievances were rejected during the initial screening phase of the ARP process and were returned to him because they did not comply with the program's procedural guidelines or sought relief beyond the power of the ARP to grant. The U.S. Court of Appeals for the Fifth Circuit recently held that the rejection of a grievance during the initial phase of the ARP process due to the relief requested being beyond the power of the ARP to grant is insufficient to establish compliance with the pre-suit exhaustion requirements set forth in the Prison Litigation Reform Act ("PLRA") at 42 U.S.C. § 1997e(a). *See Lewis v. Doe I*, 840 Fed. Appx. 784, 785 (5th Cir. 2021).

6.      Because it is now clear that Plaintiff failed to properly exhaust his available administrative remedies as to his remaining claims against these Defendants prior to filing suit, Plaintiff's claims are barred under the PLRA and should be dismissed as a matter of law.

7.       In support of their Motion for Summary Judgment, these Defendants rely on their separate Memorandum of Authorities and the following exhibits attached hereto:

        "A"     Affidavit of ARP Coordinator Janice Williams;

        "B"     MDOC Policy 20-08-01;

"C"     MDOC Inmate Handbook; and

"D"     Plaintiff's Housing History.

WHEREFORE, PREMISES CONSIDERED, Defendants Jody Bradley, Gabriel Walker, Tonya Toomey, Terry Daniel, and Management & Training Corporation respectfully request the Court to grant their Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies and dismiss Plaintiff's claims against them as a mater of law.

Respectfully submitted, this the 12th day of January, 2022.

> JODY BRADLEY, GABRIEL WALKER, TONYA TOOMEY, TERRY DANIEL, AND MANAGEMENT & TRAINING CORPORATION
>
> BY:     /s/ *Steven J. Griffin*
>         OF COUNSEL

STEVEN J.  GRIFFIN - BAR # 103218
sgriffin@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

> Chaz Pinkston, #148934
> East Mississippi Correctional Facility
> 10641 Highway 80 West
> Meridian, MS 39307

/s/  *Steven J. Griffin*