IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF MISSISSIPPI
WESTERN DIVISION

CHAZ D. PINKSTON, #148934                                          PLAINTIFF

VS.                                          CIVIL ACTION NO. 5:18-cv-103-MTP

MANAGEMENT & TRAINING
CORPORATION, ET AL                                               DEFENDANTS

<u>**AFFIDAVIT OF JANICE WILLIAMS**</u>

STATE OF MISSISSIPPI
COUNTY OF WILKINSON

     1.     I am over the age of eighteen, have personal knowledge of the facts set forth below, and am competent to attest to the matters stated herein.

     2.     I am employed by Management & Training Corporation ("MTC") and serve as the Administrative Remedy Program ("ARP") Coordinator at Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. As the ARP Coordinator, I am the custodian of the ARP files at WCCF and am responsible for, among other things, oversight and management of the processing of inmate grievances and the daily operations of the inmate grievance system utilized at WCCF.

     3.     Inmates confined at WCCF may utilize the MDOC's two-step ARP process to seek redress of issues relating to any aspect of their confinement. Details about the ARP process and instructions on how to utilize it are provided to the MDOC inmates in both the MDOC's Inmate Handbook, which the inmates receive during the course of their confinement in MDOC custody, and the WCCF Inmate Handbook, which is provided to inmates upon their arrival to WCCF.

     4.     The ARP is a two-step process. Inmates are required to initially submit their grievances in writing through the grievance system within thirty days of the complained-of incident. If a grievance is accepted into the ARP process after initial screening by the Statewide ARP Director, the request is forwarded to the appropriate official, who will issue a first step response. If the inmate is unsatisfied with the first step response, he may continue to the second step within five days after receiving the first step



response. If the inmate is not satisfied with the second step response, he may then file suit in state or federal court.

5.      If the inmate's initial grievance is rejected by MDOC's ARP Director during the screening process, the inmate will be advised in writing. Pursuant to MDOC Policy 20-08-01, and as set forth in the WCCF Inmate Handbook, the inmate then has five days after his receipt of the notice of rejection to resubmit a corrected grievance.

6.      I have reviewed the records and information maintained in the ARP files at WCCF and on MDOC's Offendertrak database regarding grievances submitted by inmate **Chaz Pinkston (MDOC #148934)** through the ARP process pertaining to his incarceration at WCCF.

7.      Mr. Pinkston has submitted more than 100 grievances through the ARP process, including dozens of grievances pertaining to his incarceration at WCCF.

8.      Mr. Pinkston was housed at WCCF from January 24, 2018, through January 15, 2021.

9.      A true and correct copy of all grievances related to Mr. Pinkston's incarceration at WCCF that were submitted prior to October 1, 2018 – the date on which the above-referenced lawsuit was filed – and all correspondence related to the same are attached hereto collectively as Exhibit "1."

10.      On February 6, 2018, Mr. Pinkston submitted a grievance complaining about MDOC aiding MTC in violating a long list of MDOC policies in maximum security units. For relief, Mr. Pinkston requested a meeting with someone in authority over MTC or MDOC to resolve these issues. On February 12, 2018, I sent Mr. Pinkston a letter informing him that his grievance was being returned to him because his complaint was unclear and additional information was needed, and because he had not specified the relief being sought. Pursuant to MDOC policy, Mr. Pinkston had five days to resubmit a corrected grievance that complied with ARP guidelines. Mr. Pinkston signed for receipt of my letter on February 15, 2018.

11.      On February 21, 2018, Mr. Pinkston submitted a grievance again complaining that MDOC administrators were aiding MTC in violating a long list of MDOC policies. For relief, Mr. Pinkston again requested to meet with a person of authority from MTC or MDOC to develop a plan to address his concerns.

This grievance was labeled <u>ARP No. WCCF-18-122</u>. On March 2, 2018, MDOC's Statewide ARP Director Richard Pennington sent Mr. Pinkston notice that his grievance was being rejected as untimely because it had not been submitted within five days of him receiving my prior letter informing him that his grievance did not comply with MDOC policy. This new grievance also did not comply with MDOC policy for the same reasons as those stated in my letter dated February 12, 2018.

12.    On March 8, 2018, Mr. Pinkston submitted a grievance complaining that certain MDOC and MTC officials had deprived him of adequate conditions of confinement and services on his long-term segregation unit. For relief, Mr. Pinkston requested a meeting with one of the MDOC officials listed in his grievance regarding commissary, recreation, grooming, visitation, outgoing mail, religious services, clothing, medical care, sanitation, library, and programs. Each of these services are handled by different personnel. The same date, ARP Clerk Sherry Rowe sent Mr. Pinkston a letter returning his grievance to him and advising that if his grievance contained more than one complaint or request, it would be rejected and returned to him. It further advised that the ARP does not accept petitions filed on behalf of other inmates and that a single complaint must be filed by each inmate. Mr. Pinkston signed for receipt of this letter the same date.

13.    On March 9, 2018, Mr. Pinkston submitted another grievance complaining about his conditions of confinement on his long-term segregation unit. For relief, Mr. Pinkston requested to speak with Tony Compton, MDOC's former warden for private prisons and regional jails, regarding his conditions of confinement. On March 19, 2018, ARP Clerk Rowe sent Mr. Pinkston a letter advising that this grievance was being returned to him and not processed because he had already had a prior grievance on the same issue (WCCF-18-122) that had been rejected. Mr. Pinkston signed for receipt of this letter on March 20, 2018.

14.    On March 28, 2018, Mr. Pinkston sent MDOC Statewide ARP Director Richard Pennington a letter complaining that the grievance he submitted on March 9, 2018, should have been accepted into the ARP process. On the same date, Mr. Pennington sent Mr. Pinkston a letter encouraging

3

him to request a copy of the ARP guidelines (MDOC Policy 20-08-01) from the ILAP office at his facility, and further advising him to submit his concerns to the ARP office at his facility within the next five days. Mr. Pinkston signed for receipt of this letter on March 30, 2018.

15.    On April 2, 2018, Mr. Pinkston submitted a new grievance complaining that MDOC, ACA, Mississippi Health Department, and MTC administrators were subjecting him to cruel and unusual punishment, violating his rights to due process and free speech, and subjecting him to worsening conditions of confinement in maximum security at WCCF. For relief, Mr. Pinkston requested that Warden Jody Bradley, Deputy Warden Gabriel Walker, Deputy Warden Tonya Toomey, Major Terry Daniel, MDOC Contract Monitor Larry Lee, the Health Services Administrator, Dr. James Burke, WCCF medical records custodian, and two other unnamed officials "to be fired immediately." This grievance was labeled ARP No.WCCF-18-196. On April 23, 2018, MDOC's Statewide ARP Director Richard Pennington sent Mr. Pinkston notice that his grievance was being rejected because the relief sought (termination of MDOC, MTC, and Centurion employees) was beyond the power of the ARP to grant. Mr. Pinkston signed for receipt of Mr. Pennington's rejection notice on April 24, 2018. Pursuant to MDOC policy, Mr. Pinkston had five days to resubmit a corrected grievance seeking a proper form of relief that could be considered by the ARP. For instance, instead of seeking the termination of prison employees, Mr. Pinkston could have requested to be moved, he could have requested specific services he believed he was being denied, he could have requested assistance with legal mail, or he could have requested any necessary medical attention.

16.    On April 25, 2018, Mr. Pinkston resubmitted another grievance nearly identical to his grievance in WCCF-18-196. Mr. Pinkston's new grievance did not request a new form of relief, or any relief at all. Instead, Mr. Pinkston requested that this grievance be allowed to complete the first and second steps of the ARP process so he could "seek justice" in court. This grievance was labeled ARP No. WCCF-18-295. On May 29, 2018, MDOC Statewide ARP Director Richard Pennington sent Mr. Pinkston notice that this grievance had been rejected because it had been submitted more than five days after receiving Mr. Pennington's letter dated March 28, 2018, and, therefore, was untimely. This grievance also failed to

4

comply with ARP guidelines because it did not specify any relief and/or presumably sought the same relief requested in his prior grievance in WCCF-18-196. Therefore, this grievance was not accepted into the ARP process.

17.     On May 18, 2018, Mr. Pinkston submitted a grievance complaining that Sgt. M. Johnson had used excessive force against him in an incident occurring three days earlier. For relief, Mr. Pinkston requested that the MDOC contract monitor, Warden Bradley, Deputy Warden Walker, Deputy Warden Toomey, Major Daniel, Investigator Turner, Lt. Gaston, Sgt. Johnson, Officer King, and Nurse Robertson all to be fired. This grievance was labeled <u>ARP No. WCCF-18-365</u>. On June 27, 2018, MDOC's Statewide ARP Director Richard Pennington sent Mr. Pinkston notice that his grievance had been rejected because the relief sought was beyond the power of the ARP to grant.

18.     On June 13, 2018, Mr. Pinkston submitted a grievance complaining that he was being subjected to additional lockdown procedures due to incidents occurring in general population or involving other inmates in maximum security. For relief, Mr. Pinkston requested that these forms of collective or group punishments be lifted for the duration he is in maximum security. This grievance was labeled <u>ARP No. WCCF-18-400</u>. On July 30, 2018, Major Daniel completed a first-step response. On September 11, 2018, Warden Bradley completed a second step response, exhausting the ARP process for this grievance.

19.     On July 5, 2018, Mr. Pinkston submitted a grievance complaining about an incident where Officer Jackson allegedly attempted to help him speak with Captain Green but where Captain Green and others scolded Officer Jackson without any basis for doing so. For relief, Mr. Pinkston requested "to have the lying incident report filed to Warden Bradley against Officer L. Jackson be dismissed." This grievance was labeled <u>ARP No. WCCF-18-465</u>. On August 9, 2018, Mr. Pennington sent Mr. Pinkston a notice that his grievance had been rejected because the relief sought was beyond the power of the ARP to grant.

20.     On July 25, 2018, Mr. Pinkston submitted a grievance complaining that he had been denied certain meal trays, that he was temporarily denied bedding and towels after they got wet during a sprinkler incident, that he had been denied a haircut, that he had personal property taken during a cell search, and

that Captain Green had sprayed him with pepper spray and then denied him medical attention. For relief, Mr. Pinkston requested "to be fully compensated." This grievance was labeled <u>ARP No. WCCF-18-488</u>. On August 20, 2018, Mr. Pennington sent Mr. Pinkston notice that his grievance had been rejected because it sought relief beyond the power of the ARP to grant.

21.     On August 26, 2018, Mr. Pinkston submitted a grievance complaining that MDOC and MTC officials had denied him adequate visitation privileges. For relief, Mr. Pinkston requested visitation with his family every month. This grievance was labeled <u>ARP No. WCCF-18-512.</u> On October 4, 2018, Major Daniel completed a first step response, and Mr. Pinkston appealed to the second step. On October 17, 2018, Warden Bradley completed a second step response, exhausting the ARP process for this grievance.

22.     Mr. Pinkston's dozens of other grievances pertaining to his incarceration at WCCF were all submitted after he filed the above-referenced lawsuit on October 1, 2018.

Further Affiant saith not.

JANICE WILLIAMS, ARP COORDINATOR

SWORN TO AND SUBSCRIBED BEFORE ME, this the _20th_ day of _December_, 2021.

NOTARY PUBLIC

My commission expires:

_June 20, 2022_



6

ARP FORM

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
## ADMINISTRATIVE REMEDY PROGRAM

CASE NUMBER

FROM: Chaz Pinkston
Inmate Name

148934
MDOC #

H-J-K H#108
Unit

DATE: Feburary 5th 2018

This is a Request for Administrative Remedy

RECEIVED
FEB 06 2018

The Mississippi Department Of Corrections is aiding and abetting the Contractor Management and Training Corporation in violating plus disregarding the following policies specifically in these maximum security units. Note the following: 3.01 General Standards Of Professional Conduct, 3.38 Staff Physical Fitness, 4.03 Use Of Force Training, 4.08 Training of Non-MDOC Personnel, 8.05 Prohibition of the Use of Offender's as Servants, 16.04 Security Logs & Records, 16.13 Use of Force, 16.15 Use of Restraints, 16.23 Use of Oleoresin Capsicum Aerosol Spray or Chemical Agents, 16.28 Internal Management Audit Procedures, 16.29 Contract Monitoring Program, 18.01 Disciplinary System, 19.01 Offender Segregation, 19.02 Crisis Stabilization Program, 20.01 Inmate Access to Courts & Legal Counsel, 20.03 Access To Programs and Services, 20.05 Protection From Harm, 20.07 Freedom in Personal Grooming, 20.08 Grievance Procedures, 20.14 Prison Rape Elimination Act of 2003, 21.01 Reception and Admission, 21.03 Offender Property, 20.15 Interstate Compact-Institutional Offenders, 23.01 Food Service Administration, 23.02 Dietary Allowances, Menu Planning and Therapeutic Diets, 23.03 Food Service Health and Safety Regulations, 23.04 Food Service Inspections, 23.05 Meal Service, 23.06 Outside Food Contracts, 24.01 Facility Sanitation, 24.02 Linens/Clothing-Personal Hygiene & Hair Care Services, 25-01-A Access to Health Care & Clinical Services-Sick Call, 25-08-A Medical Audit Committee, 25-18-A Privacy Of Care, 25-01-B — 25-09-B, 25-02-C Clinical Performance Enhancement (PEER), 25-12-25-21-D Hospital & Speciality Care, 25-02-E Health Care Screening-Intrasystem Transfer, 25-10-E Segregated Inmates, 25-12-E Nursing Assessment Protocols, 25-13-E Continuity Of Care, 25-03-F Exercise, 25-04-F Personal Hygiene, 26-01-G Special Health Care Programs, 25-02-G Management Of Chronic Disease, 25-07-I Informed Consent, 25-02-J Elective Surgery, 26.01 Offender Social Services, 28.04 Offender Compensation, 29.01 Offender Academic & Vocational Education Programs, 30.01 Offender Recreation Programs, 30.02 Offender Weight Training Program, 31.01 Offender Mail Services, 31.02-31.06, 32.02 Offender Library Services, 33.01 Religious Programs & Chaplaincy Services, 44.01 and 44.02. All of these plus 20 more are being violated at the same time directly in the plain sight of MDOC Headquarters. Remedy Requested: That someone with actual authority either over M.T.C. and/or M.D.O.C. come speak with me to resolve this/these issues during the 45 days allotted to respond to this grievance. Otherwise we shall resolve this matter(s) within the Federal Courts. I look forward to seeing someone within the 45 days.

EXHIBIT
1

Chaz Pinkston
Signature



**STATE OF MISSISSIPPI**
**DEPARTMENT OF CORRECTIONS**
Felicia Hall
**COMMISSIONER**

Superintendent
Mississippi State Penitentiary

Post Office Box 1057
Parchman, Mississippi 38738
(662)745-6611

February 12, 2018

Inmate:  Chaz Pinkston #148934
         WCCF

RE:    YOUR REQUEST FOR ADMINISTRATIVE REMEDY

Your request for administrative remedy has been received by this office and is being returned for the following reason(s):

____X____  (1) Your complaint is unclear.  You need to include more specific information in your correspondence.

____X____  (2) You did not specify any relief sought.

If you wish to resubmit your corrected request/complaint, you may do so, provided that it is timely and according to proper procedure.

Sincerely,

JWilliams
Administrative Remedy Program

JW

Pc:    File

INMATE RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
### Administrative Remedy Program

ARP # _____ - _____ - _____

Date: _3·15·18_____

Received By: _C. Pinkston_____    _148434_____
                    INMATE                         NUMBER

Witness: _J. Williams_____    _Grev Cone_____
                    NAME                         TITLE

_____ Form ARP-1 — Offender's relief form

_____ Form ARP-2 — 1st step response

_____ Form ARP-3 — 2nd step response

_____ 5-Day extension

_____ Step 2 denial

_____ Rejected

___/___ Letter #  _dated 02/12/18_

_____ Other

1st page of this receipt is to be returned to the Legal Claims
Adjudicator to become part of inmate's ARP file

WHITE ORIGINAL · LEGAL CLAIMS ADJUDICATOR

CODE:  699                                                                ARP-1

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

### WCCF-18- 122

First Step Respondent: **N/A**
Location:  **Wilkinson County Correctional Facility**

Offenders' Name and No.: **Chaz Pinkston #148934**
            Unit:  **Wilkinson County Correctional Facility**

Date of incident:                   .            OT # 29                    REJECTED

☐ **ACCEPTED:** This request comes to you from the Director of Administrative Remedy Program.  See the attached request from the offender.  **Please return your response to this office within 30 days of this date.**

☒ **REJECTED:** Your request has been rejected for the following reason(s):

☐ Relief is beyond the power of the Mississippi Department of Corrections to grant

☐ The complaint concerns an action not yet taken or a decision which has not yet been made            .

☐ There has been a time lapse of more the fifteen (15) days between the **RVR(s)** and the initial request:
            Incident happened on          received in this office on

☐ There has been a time lapse of more the fifteen (30) days between the event and the initial request:
            Incident happened          received in this office on

☐ The Mississippi Department of Corrections does not handle Parole Board matters

☒ **Other: You receive a letter on 2.15.18 on this same matter stating you had five (5) days to return your complaint in correctly which was received on 2.21.18**

_____            _____
Director of Administrative Remedy Program            3/2/18
                                                                Date/

ARP FORM

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
## ADMINISTRATIVE REMEDY PROGRAM

### CASE NUMBER

FROM: Chris Pinkston

Inmate Name

118137
MDOC #

H.J.K. III-103
Unit

DATE: February 26th, 2018

This is a Request for Administrative Remedy

The Mississippi Department Of Corrections upper management administration are using and abetting the contractor Management and Training Corporation (M.T.C.) in willful failures, actions of violating and disregarding the following policies of which some are laws of the State Of Mississippi as well as the Constitution, especially when it comes to the treatment of prisoners in their "maximum security" units and obeying plus protecting their or civil rights guarantee's. Please Note The Following Laws/Policies That Are All Simultaneously Being Disobeyed As A Formal and Informal Custom: Customs: 3.01 General Standards Of Professional Conduct; 3.38 Staff Physical Fitness; 4.01 Use Of Force Training; 4.03 Orientation and In-Service Training; 4.08 Training of Non-MDOC Personnel; 10.12 Exposure to Blood borne Pathogens & Exposure Control Plan; 11.01 Treatment Programs; 16.01 Security Manual; 16.03 Correctional Officer Assignments; 16.04 Security Logs & Records; 16.08 Key Control; 16.12 Use Of Fire Arms; 16.13 Use Of Force; 16.14 Preservation of Physical Evidence; 16.15 Use of Restraints; 16.16 Canine/Horses Tactical Emergency Unit; 16.19 Security Threat Group Management; 16.22 Responsibility for Notification of an Offender's Death; 16.23 Use of Oleorsin Capsicum Aerosol Spray or Chemical Agents; 16.26 Duty Post Rotation; 16.28 Internal Management Audit Procedures; 16.29 Contract Monitoring Program; 17.01 Fire Safety: Prevention-Inspection-Notification; 17.02 Flammable, Toxic and Caustic Materials; 17.05 Control of Security Threats; 17.06 Emergency Response Team; 17.08 Risk Management Program; 18.01 Disciplinary System; 19.02 Crisis Stabilization Program; 19.03 High Risk Incentive Tier Program; 20.01 Inmate Access to Courts & Legal Counsel; 20.03 Access to Programs and Services; 20.05 Protection From Harm; 20.07 Freedom In Personal Grooming; 20.08 Grievance Procedures; 20.14 Prison Rape Elimination Act of 2003; 22.01 Reception and Admissions; 24.03 Offender Property; 20.25 Interstate Compact-Institutional Offenders; 23.01 Food Service; 23.02 Dietary Allowances, Menu Planning and Therapeutic Diets; 23.03 Food Service Health and Safety Regulations; 23.04 Food Service Inspections; 23.05 Meal Service; 23.06 Outside Food Contracts; 24.01 Facility Sanitation; 24.02 Personal Hygiene & Hair Care Services — See Attached Addendum For Conclusion and Remedy —

— See Attached Addendum For Conclusion and Remedy —

MTC 000046

Mississippi Department Of Corrections
Administrative Remedy Program
Addendum

Page 2
continued: 25-01-A Access to Health Care & Clinical Services - Sick Call; 25-09-A Medical Audit Committee; 25-18-A Primacy Of Care; 25-01-B Infection Control Program; 25-02-B Management of Tuberculosis; 25-03-B HIV Infected Offenders; 25-04-B Management of Hepatitis Infections; 25-05-B Communicable Disease Practice; 25-06-B Environmental Health & Safety; 25-07-B Kitchen Sanitation & Food Handlers; 25-08-B Ectoparasite Control; 25-09-B Pandemic Influenza Plan; 25-02-C Clinical Performance Enhancement (PEER); 25-04-C Training for Correctional Officers; 25-08-C Staffing Plan; 25-24-D Hospital & Specialty Care; 25-02-E Health Care Screening · Intrasystem Transfer; 25-10-E Segrated Inmates; 25-12-E Nursing Assessment Protocols; 25-13-E Continuity Of Care; 25-03-F Exercise; 25-04-F Personal Hygiene; 25-01-G Special Health Care Programs; 25-02-G Management Of Chronic Disease; 25-07-I Informed Consent; 25-02-J Elective Surgery; 26.01 Offender Social Services; 28.04 Offender Compensation; 8.05 Prohibition of the Use Of Offenders as Servants; 29.01 Offender Academic & Vocational Education Programs; 30.01 Offender Recreation Program; 30.02 Offender Weight Training Programs; 31.01 Offender Mail Services; 31.03 Offender Visitation; 31.06 Offender Marriages; 32.01 Offender Library Services; 33.01 Religious Programs & Chaplaincy Services; 44.01 Building and Safety Codes; 44.02 Offender Housing; and 44.03 Preventative Maintenance Program. All of these plus 10 more are being disobeyed, disregarded, and violated willfully, knowingly, and feloniously in accordance with the "Civil Rights of Institutionalized Persons Act", the Miss. Code. Ann. § 47-1-27 Maltreatment and abuse prohibited, and the 42 U.S.C.A. § 1983 for depriving prisoners of their constitutional rights as well as 18 U.S.C.A. § 242, which makes it a criminal offense for one under color of any law, statute, ordinance, regulation, or custom, willfully to subject any inhabitant of any state, territory, or district to the deprivation of any rights, privileges, or immunities secured or protected by the Federal Constitution or laws, or to different punishments, pains, or penalties, by reason of color or race, from those which are prescribed for the punishment of citizens'. This common custom of simultaneous disobediences is being done in plain sight that a 'lay person can recognize it' and being co-conspirated and covered up by MDOC Headquarters along with MDOC State Prison Superintendents, A.D.O.S.'s, and Wardens.

Turn Over To Back For Conclusion

Turn Over To Back For The Relief/Remedy Sought —

## Relief Sought

**Remedy Requested:** That someone with high authority from M.T.C. Corporate Office and/or M.D.O.C. Headquarters come sit down and speak with me in order to hash out an effective three-month immediate implementation plan to stop this common custom of deprivation of rights and improve my conditions of confinement "specifically" for "maximum security"! During the First Step timeline of 45 days to respond to this grievance. Otherwise, we shall resolve this/these ongoing incidents within the Federal Courts. I look forward to seeing someone within 45 days because even if this A.R.P. is returned I have still given MDOC and MTC two opportunities to come speak with me to go over and resolve this issue unless the contract for M.T.C. and the private prisons they inhabit are going to be closed immediately within the 45days allotted by the Grievance Procedures. Also, whatever the outcome of your decision remember to put a Cause Number on this A.R.P. because one is supposed to be provided regardless of denial or return or acceptance in accordance with S.O.P.#20.08 Grievance Procedures. There is no Cause Number anywhere on the first A.R.P. returned to me on February 15th 2018. This remedy is not beyond the A.R.P. power of to grant any of the three remedies individually or as a whole because am requesting to speak face to face with the decision makin and ones who hashed out the contract(s) and this grievance will be forwarded directly to the A.R.P. Director whose office is at MDOC Head quarters in Jackson, MS 39202 which is where the Commissioner, Deputy Commissioner Of Administration, Deputy Commissioner Of Institutions, the Private Prison Contract Director, Private Prison Regional Contract Deputy Director, and the main Federal Compliance Officer for MDOC are all located in the same building. I look forward to seeing someone within 45 days plus this A.R.P being given a cause number whenever I receive it back.

<u>Chance Pinkerton</u>
Signature

INMATE RECEIPT

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

ARP# _WCCF - 1B - 122_

Date: _3-5-18_

Received By: _C. Pinholoy_ _148434_
            INMATE          NUMBER

Witness: _J Wilkin_ _Grid Coord_
            NAME              TITLE

_____ Form ARP-1 — Offender's relief form

_____ Form ARP-2 — 1st step response

_____ Form ARP-3 — 2nd step response

_____ 5-Day extension

_____ Step 2 denial

___✓___ Rejected

_____ Letter #

_____ Other

1st page of this receipt is to be returned to the Legal Claims
Adjudicator to become part of inmate's ARP file

WHITE ORIGINAL - LEGAL CLAIMS ADJUDICATOR

MTC 000049

ARP FORM

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
## ADMINISTRATIVE REMEDY PROGRAM

MAR 08 2018

### CASE NUMBER

FROM: Chaz Pinkston

Inmate Name

148934
MDOC#

H.J.K H-pod Cell# 108
Unit

DATE: March 7th, 2018

This is a Request for Administrative Remedy

Plaintiff, Chaz Pinkston, is being denied the following in accordance to MDOC policies due to his being housed in long-term segregation though violating his Eighth Amendment rights and Fourteenth Amendment rights. Prison contractor Management and Training Corporation (M.T.C.) are forcing long-term segregation prisoners to adhere to "in-house" rules that totally deny, deprive, and make inadequate the following: commissary, visitation, recreation, religious services, the sealing of out-going mail/censorship policy, clothing, hygiene, sanitation, medical care, mental health care, grooming, and many other violations though the aforementioned are the most pertinent. MDOC Private Prison Contract-Director, Tony Compton, Contract Monitor (on grounds) Mr. Lee, Superintendent, Jaqeleine Banks and Superintendent Ronald King, Associate Director Of Offender Services, Jarita Bivens and Associate Director Offender Services, Michelle Jackson, Deputy Commissioner Of Institutions, Jerry Williams and Commissioner Pelicia Hall, along with M.T.C. Vice President of Operations for Mississippi, Robyn Williams, Warden James Bradley, Deputy Warden Of Administration, Gabriel Walker, Deputy Warden Of Programs Ms. Toomey, Warehouse Manager Ms. Dixon, Commissary Supervision Ms. Point and "maximum security" Unit Manager Ms. Brown, all are responsible for making sure MDOC policies not Wilkinson County Correctional Facility neither Management and Training Corporation "in-house" rules are applied to MDOC prisoners. Yet, they are just reaping the millions from having a full "maximum security" unit while subjecting plaintiff and the other prisoners in long-term segregation to "Cruel and unusual punishment" plus violating their due process rights. I, Chaz Pinkston, have written multiple request to the aforementioned about my conditions of confinement and deprivations here, but no one has answered. There is not even a Federal Compliance Officer here and no Federal Compliance Member has responded to any of my letters sent to MDOC Headquarters.

Remedy Requested: That I speak with one of the MDOC officials mentioned above in order to get the proper treatment in accordance with my Civil Rights and MDOC/ACA policies. Specifically regarding commissary, recreation, grooming, visitation, outgoing mail, religious services, clothing, medical care and treatment, sanitation, library, and programs.

Chaz Pinkston
Signed By Plaintiff



**STATE OF MISSISSIPPI**
DEPARTMENT OF CORRECTIONS
PELICIA HALL
COMMISSIONER

March 8, 2018

Inmate: Chaz Pinkston #148934
WCCF

RE: HOW TO ENTER THE ARP PROCESS

It is suggested that you use the following guidelines as a checklist before resubmitting your "ARP" to ensure your request is accepted and handled by the Administrative Remedy Program.

☐ (1) Send a letter to the Legal Claims Adjudicator, P.O. Box 609, Parchman, MS 38738. The letter should be as brief as possible. Present as many facts as possible to answer all questions (who, what, when, where, how). <u>You must send this letter through Inmate Legal Assistance Program. It will not be accepted by our office in the regular mail.</u>

☐ (2) The original letter <u>must contain</u> the phrase <u>"This is a Request for Administrative Remedy" must be signed</u> in order to enter the ARP process.

☒ (3) Only one complaint/request will be accepted. If your letter contains more than one complaint/request, it will be rejected and returned to you

☒ (4) The Administrative Remedy Program does not accept petitions or filing on behalf of another inmate. A single complaint must be filed by each individual inmate.

☐ (5) Make a copy of your letter and retain it for your records. You will not receive your original letter back and the institution is not responsible for furnishing you with a copy of your letter. If your letter concerns an RVR, a <u>completed</u> copy must be sent.

☐ (6) Your letter must be sent within thirty (30) days of an alleged event. (Unless in a case where you were ill and unable to write, etc.)

☐ (7) The volume of attached material is too great.

Sincerely,

S. Rowe
Administrative Remedy Program

SR:
PC: Inmate file

H-108

INMATE RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS

### Administrative Remedy Program

Chaz Pinkston # 148934

ARP # _____ - _____ - _____

Date: _03/08/18_____

Received By: _Chaz Pinkston_____     _148934_____
           INMATE                                 NUMBER

Witness: _____     ____ARP_____
                   NAME                                 TITLE

_____ Form ARP-1 — Offender's relief form

_____ Form ARP-2 — 1st step response

_____ Form ARP-3 — 2nd step response

___✓___ 5-Day extension

_____ Step 2 denial

_____ Rejected

___✓___ Letter # _01_ dated _3/8/18_

_____ Other

1st page of this receipt is to be returned to the Legal Claims
Adjudicator to become part of Inmate's ARP file

WHITE ORIGINAL - LEGAL CLAIMS ADJUDICATOR

ARP FORM

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
## ADMINISTRATIVE REMEDY PROGRAM

CASE NUMBER

FROM: Char PinKston _____

Inmate Name

178934

MDOC #

H.J.K Hpd Cell 108

Unit

DATE: March 9th, 2018 _____

MAR 1 2 2018

This is a Request for Administrative Remedy

Commissioner-Pelicia Hall, Deputy Commissioner of Institutions-Jerry Williams, Deputy Administrator - Audrey McAfee, Director Private Prisons - Tony Compton, Superintendent-Ronald King, Superintendent-Jacquline Banks, Associate Director Offender Services - Michelle Jackson, Associate Director Offender Services-Jawita Bivens, and Contract Monitor-Lee are willfully Knowingly feloniously aiding and abetting plus covering up for Vice President of "M.T.C." operations for Mississippi-Robyn Williams, Warden-James Bradley, Deputy Warden Of Administration-Gabriel Walker, Deputy Warden of Programs-Toomey, Unit Manager for longterm/"maximum security" - Brown, Warehouse Manager-Dixon, and Canteen Supervisor - Point here at Wilkinson County Correctional Facility. I have an on-going issue concerning my 'conditions of confinement'. This "incident" has not been resolved neither responded to by any of the administrator's I have written request forms too. My 'conditions of confinement' is one-(2) issue / complaint which is dealing with my personal well-being and my constitutional guarantees. The aforementioned staff are purposefully demonstrating 'deliberate indifference' and violating my 'due process' rights for all the months am being deprived of my rights and they continually disobey the Constitution and State laws along with A.C.A. and M.D.O.C. policies and procedures. I am in longterm/"maximum security" and for my conditions of confinement to be so egrigous prove intent to collect the millions supporting this program and direct it two the pockets of the administrator's. The United States Supreme Court says "the purpose of the grievance procedures is too give the administration an advance inkling and opportunity to investigate plus remedy a prisoner complaint without Court intervention." I have obeyed the order of the United States Supreme Court and followed the MDOC grievance procedures.

Remedy Requested:

To speak with Tony Compton and/or his associate director about my 'conditions of confinement' here at Wilkinson County Correctional Facility while am residing in longterm/"maximum security" in order to stop the deprivations and protect my well-being and civil rights.



**STATE OF MISSISSIPPI**
DEPARTMENT OF CORRECTIONS
COMMISSIONER
PELICIA HALL

Superintendent
Mississippi State Penitentiary

Post Office Box 1057
Parchman, Mississippi 38738
(662)745-6611

March 19, 2018

Inmate:  Chaz Pinkston #148934
Unit:

RE:  Your Request for Administrative Remedy

I am in receipt of your request for Administrative Remedy concerning conditions of confinement.

It has been noted that you have a previously rejected ARP **(WCCF-18-122)** concerning the same issue.

Therefore, since this matter has already been rejected, this particular request is being returned to you and will not be processed. **(Final Letter)**

Sincerely,

S. Rowe
Administrative Remedy Program

SR

Pc:    File

#·108

**INMATE RECEIPT**

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
### Administrative Remedy Program

*Chaz Pinkston # 148934*

ARP # _____ - _____ - _____

Date: _/03/20/18_____

Received By: _Chaz Pinkston_____    _148934_
                                        MDOC #

Witness: _S Row_____    _ARP_
                            TITLE

_____ Form ARP-1 --- Offender's relief form

_____ Form ARP-2 --- 1st step response

_____ Form ARP-3 --- 2nd step response

_____ 5-Day extension

_____ Step 2 denial

_____ Rejected

__✓__ Letter #    _dated  3/19/18_

_____ Other

**1st page of this receipt is to be returned to the Administrative Remedy
Program Director to become part of inmate's ARP file**

**WHITE ORIGINAL - ADMINISTRATIVE REMEDY PROGRAM DIRECTOR**



MAR 2 : 2018



Administrative
MAR 2018
Remedy Program
DIR.

March 21ˢᵗ, 201

From: Chaz Pinkston
MDOC# 148934
W.C.C.F.
Unit: H·J·K H-pod Cell#10

To: Richard Pennington
    MDOC Administrative Remedy Program, Director
Re: A.R.P. dated March 9ᵗʰ 2018

First- I, Chaz Pinkston, never signed for a letter nor any corres-
pondance concerning the A.R.P. dated Feburary 5ᵗʰ, 2018 of which is bein
referred to as WCCF-18-122. I received a letter dated Februar
12ᵗʰ, 2018 on Feburary 15ᵗʰ, 2018 from your office in Parchman, MS tha
came through the regular mail. So, I, wasn't late anyway because I ne
er received any notice. Check your "certified mailing" receipts.

Second- Who is S. Rowe? The MDOC Grievance Procedures
says; "The ARP Director will screen all ARP's for acceptance", not jus
anybody.

Third- I turned in an ARP dated March 9ᵗʰ, 2018 concerning one
issue of my conditions of confinement' over a month after my ARP
dated Feburary 5ᵗʰ, 2018 which is being referred to as WCCF-18-122. Now
S. Rowe, sends me a letter saying this is the same issue and has already
been rejected. However, the Grievance Procedures says; "The issue or
incident must be within 30 days of the actual happening", plus Miss. Code
Ann. § 47-5-801. Authority To Adopt Procedure; "The Department of Correction
is hereby authorized to adopt an administrative review procedure at eac.
of its correctional facilities in compliance with 42 USCS Section 1997, th
"Civil Rights of Institutionalized Persons Act" or CRIPA, and Part 40 a
Title 28, Code of Federal Regulations." Now the A.R.P. dated March 9ᵗʰ,
2018 mentions the same individuals as WCCF-18-122, but it is clearly
not the same issue but is only one issue. Also, this issue is going on at the
present time and date at the top of this letter. By me complying wit

the Mississippi Department Of Corrections Grievance Procedures Policy as well as being subjected to "inhumane" conditions of confinement which is "one" issue by high-level officials then my A.R.P. is rightfully suppose to be allowed to go forward. Otherwise, your office will be deliberately hindering justice, which leads into my next point.

Fourth - The Northern District Federal Court approved the ARP program in Gates v. Collier, GC 71-6-S-D (N.D. Miss. Feb. 15, 1994). See also Marshall v. Price, 239 F.3d 365, 2000 WL 1741549, at *1 (5th Cir. Nov. 6, 2000). On September 13, 2010, the ARP process was changed from a three steps to two. See Gates v. Barbour, No. 4:71CV6-JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010); Thready v. Moore, No. 3:10CV378-TSL-MTP, 2011 WL 4388832, at *3 n.6 (S.D. Miss. Jul 25, 2011). The two-step ARP process begins when an inmate first submits his grievance in writing to the prison's legal claims adjudicator within thirty days of the incident. Howard v. Epps, No. 5:12CV61-K5-MTP, 2013 WL 2 67880, at *2 (S.D. Miss. May 29, 2013). The Mississippi Department Of Corrections has set up an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint or grievance relating to any aspect of his incarceration.

## Conclusion

I haven't broken any procedural rules in regard to the ARP dated March 9th 2018 plus the incident or issue complained of is pertinent within the thirty day time limit. Therefore, I, request that the ARP dated March 9th 2018 be screened by the legal claims adjudicator Richard Pennington and be accepted so as to begin the First Step Response. Also, that the ARP be appropriately given an ARP number. In order to preserve justice and give administrator's fair adequate notice and opportunity to fix these conditions of confinement.



**STATE OF MISSISSIPPI**
**DEPARTMENT OF CORRECTIONS**
**PELECIA HALL**
**COMMISSIONER**

**Audrey McAfee**
**Deputy Administrator**

**Administration**
**(601) 359-5636**

March 28, 2018

Inmate: Chaz Pinkston #148934
     WCCF E

Re: Your correspondence was received by the MDOC's Director of Administrative Remedy Program's office on March 28, 2018.

Your correspondence on the above date to me was forwarded to this office for a response.

Your letter concerning a status request is being returned to you. I encourage you to request the ARP procedure (20.08.01) from ILAP. Please submit your concerns to your housing facilities ARP office. You will have (5) five days from the receipt of this response to submit your request to your local ARP office at your housing facility.

Sincerely,

Richard Pennington, Statewide Director
Administrative Remedy Program

PC: RP
    File

H·10

INMATE RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
### Administrative Remedy Program

Chaz Pinkston #148934

ARP # _____ - _____ - _____

Date: _03/30/18_____

Received By: _Chaz P_                          _148934_
                                               MDOC #

Witness: _____                     _ARP_
                                               TITLE

_____ Form ARP-1 — Offender's relief form

_____ Form ARP-2 — 1st step response

_____ Form ARP-3 — 2nd step response

_____ 5-Day extension

_____ Step 2 denial

_____ Rejected

__✓__ Letter #     _dated 3/28/18_

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy
Program Director to become part of Inmate's ARP file

WHITE ORIGINAL - ADMINISTRATIVE REMEDY PROGRAM DIRECTOR

CODE:   799                                                      **ARP-1**

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

### WCCF-18- 196

First Step Respondent: **N/A**                          REJECTED

Location:   **Wilkinson County Correctional Facility**

Offenders' Name and No.: **Chaz Pinkston #148934**
              Unit:  **Wilkinson County Correctional Facility**

Date of incident:                          O.T# 30

---

☐  **ACCEPTED:** This request comes to you from the Director of Administrative Remedy Program. See the attached request from the offender. **Please return your response to this office within 30 days of this date.**

☒ **REJECTED:** Your request has been rejected for the following reason(s):

    ☐  Relief is beyond the power of the Mississippi Department of Corrections to grant

       ☐  The complaint concerns an action not yet taken or a decision which has not yet been made

    ☐ There has been a time lapse of more the fifteen (15) days between the **RVR(s)** and the initial request:
        Incident happened on      received in this office on

    ☐ There has been a time lapse of more the fifteen (30) days between the event and the initial request:
        Incident happened      received in this office on

    ☐ The Mississippi Department of Corrections does not handle Parole Board matters

    ☒ Other: **Beyond the power of the ARP department to grant.**

_____              4/23/18
Director of Administrative Remedy Program        Date

Mississippi Department Of Corrections
Administrative Remedy Program

Case Number

From: Chaz PinKston        148934            H.J-K Hoped Call*108
      Inmate Name          MDOC #              Unit

Date: April 02nd 2018

This is a Request for Administrative Remedy

Multiple M.D.O.C., A.C.A., Mississippi Health Department, and M.T.C. admini-
istrator's are responsible for the continuing cruel and unusual punishment
violating of due process, and denial of freedom of speech am being forcib
ly subjected to. My "conditions of confinement" here in "maximum security"
at Wilkinson County Correctional Facility are depraved, inhumane, and de-
structive towards any rehabilitation whatsoever. This is an on-going
ever worsening issue month after month. My civil and constitutional rights,
guaranties, privileges, and immunities have been taken fabulously by the af-
orementioned administrator's. I have written numerous request to the adm-
inistrator's here yet not one reply. I have stopped multiple administrator's to
inquire about why my "conditions of confinement" are increasingly terrible for
maximum security, yet they receive multi-millions to Keep it running properly,
efficiently, plus actually to rehabilitate. But I was only given a fake smile
and told they would discuss it at their next meeting. However, they walk
around with their corporate bosses and those aforementioned laughing about
my being down trodden and about all the money that is being poured into
"maximum security" and how much of it they're stealing and spreading arou-
nd to their buddies aforementioned plus unknown to Keep quiet. Also Centurion
administrator's are most definitely deliberately indifferent and therefore included.
Relief Sought!
For James Bradley, Gabriel Walker, Ms. Toomey, Terry Daniels, Larry Lee,
Medical H.S.A., M.D. Burke, Medical Records Keeper/Wilkinson County Records Cl-
eaner, and two other officials are to be fired immediately. Otherwise we
will settle this in the U.S. District Court in Jackson, MS by way of a "public" jury
trial. I await your response within the 45days allotted by MDOC Grievance Procedures.

Dated: April 02nd, 2018

                                                Chaz PinKston *148934
                                                Signature        MDOC #

INMATE RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
### Administrative Remedy Program

ARP # _WCCF_ - _18_ - _196_

Date: _4-24-18_

Received By: _C. Pinkston_          _14:50_
_____    MDOC #
                                 _____
Witness: _J. Williams_           _Cord_
_____    TITLE

_____ Form ARP-1 — Offender's relief form

_____ Form ARP-2 — 1st step response

_____ Form ARP-3 — 2nd step response

_____ 5-Day extension

_____ Step 2 denial

___✓___ Rejected

_____ Letter #

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy
Program Director to become part of inmate's ARP file

WHITE ORIGINAL - ADMINISTRATIVE REMEDY PROGRAM DIRECTOR

CODE: 0699                                                    ARP-1

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

### WCCF-18-*295*

First Step Respondent:    **Rejected**
Location:    **WCCF**                      REJECTED

Offenders' Name and No:    Chaz Pinkston #148934
Unit:    **WCCF**

Date of incident:                                    OT-
_____

☐ **ACCEPTED:** This request comes to you from the Administrative Remedy Program Director. See the attached request from the offender. **Please return your response to this office within 30 days of this date.**

☒ **REJECTED:** Your request has been rejected for the following reason(s):

☐ Relief is beyond the power of the Mississippi Department of Corrections to grant.

☐ The complaint concerns an action not yet taken or a decision which has not yet been made.

☐ There has been a time lapse of more the fifteen (15) days between the **RVR** and the initial request:    Incident happened on _; received in this office on _.

☐ There has been a time lapse of more the thirty (30) days between the event and the initial request:    Incident happened on _; received in this office on _.

☐ The Mississippi Department of Corrections does not handle Parole Board matters.

☒ Other: I/M failed to follow policy which states that he had five days to file after receiving the letter on 03/28/2018; received back in office at WCCF on 04/25/2018.

_____              _____
Director of Administrative Remedy Program                    Date

Mississippi Department Of Corrections
Administrative Remedy Program

Cause Number

From: Chris Fulkilson     #143934     H: TK Hyped C^2 c
        Inmate Name          MDOC #         Unit

Date: April 24th, 2018

This is a Request for Administrative Remedy

Multiple M.D.O.C., A.C.A., Mississpp. Health Department, and M.T.C. as well as Centurion administrator's are responsible for the continual cruel and unusual punishment, violating of due process, and denial of freedom of speech here in "maximum security" at Wilkinson County Correctional Facility. These all are constitutional deprivations, specifically the Eighth Amendment, Fourteenth Amendment, and First Amendments. My "conditions of confinement" are inhumane, degrading, and destructive towards any of the propaganda rehabilitation Period. My rights are said to be privileges and my needs are dismissed as wants by the aforementioned administrator's. I am forcibly denied my civil and constitutional rights, guaranties, privileges, and immunities as a legal born citizen of the United States also the Republic of Mississippi. My conditions of confinement is one issue and is objectively worsening month after month. This A.R.P. is done in a timely manner and in accordance with the procedural rules with the specific purpose to allow the Administrator's whom shall (supposedly) receive it ample time/opportunity to hurriedly find sensibility, cultivate reasonableness, and get understanding. This A.R.P. is within the power of the ARP Department and/or Director to grant.

Relief Sought:

For this A.R.P. to be allowed to complete the First and Second Step(s) In order for me the plaintiff to seek justice expeditiously in the U.S. Southern District Court by way of a "public jury" trial. I await the Administrator's Response within the 45days allotted by MDOC Grievance Procedures.

INMATE RECEIPT                    *H-108*

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
### Administrative Remedy Program

ARP _WCCF_ . _18_ . _245_

Date: _5-31-18_

Received By: _Chris Pinkston_ / _148934_

Witness: _J. Williams_    MDOC / Grieu Coord    TITLE

_____ Form ARP-1 — Offender's relief form

_____ Form ARP-2 — 1st step response

_____ Form ARP-3 — 2nd step response

_____ 5-Day extension

_____ Step 2 denial

___✓___ Rejected

_____ Letter #

_____ Other

1st copy of this receipt is to be returned to the Administrative Remedy
Program Director to become part of inmate's ARP file.

WHITE ORIGINAL - ADMINISTRATIVE REMEDY PROGRAM DIRECTOR

Code: 0799                                                    ARP-1

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

### WCCF-18- *365*

First Step Respondent: **Rejected**
      Location: **WCCF**                        REJECTED

Offenders' Name and No: Chaz Pinkston #148934

☐ **ACCEPTED:** This request comes to you from the Director of Administrative Remedy Program. See the attached request from the offender.  **Please return your response to this office within 30 days of this date.**

                                        OT# *32*

---

☒ **REJECTED:** Your request has been rejected for the following reason(s):

   ☐ Relief is beyond the power of the Mississippi Department of Corrections to grant

   ☐ The complaint concerns an action not yet taken or a decision which has not yet been made

   ☐ There has been a time lapse of more the fifteen (15) days between the **RVR(s)** and the initial request:
          Incident happened on received in this office on.

   ☐ There has been a time lapse of more the thirty (30) days between the event and the initial request:
          Incident happened on received in this office on.

   ☐ The Mississippi Department of Corrections does not handle Parole Board matters

☒ Other: **BEYOND THE POWER OF ARP TO GRANT.**

_____                    6/27/18
Director of Administrative Remedy Program                  Date

ARP
FORM

Mississippi Department Of Corrections
Administrative Remedy Program

Cause Number

From: Chaz Pinkston          148934          H.U.K Upper Cell #101
                              MDOC#                                 Unit

Date: May 15th 2018

This is a Request for Administrative Remedy

On May 15th 2018, between 2:00 p.m. and 3:50 p.m. I was assaulted for the third time in 2 weeks by Sgt. M. Johnson. On this day though not only were my hands injured but also my wrist, ankles, legs, forehead (on the right side), right eyebrow, and right eye. My wrist are both swollen with thick red lines, cuts and bruises and the circulation in my left hand is even poorer than in my right hand which is weak itself. My hands and wrist are in constant throbbing pain. My legs are in pain plus my left leg has a knot on it from the leg irons cutting in deep. My forehead, eyebrow, and eye are swollen and changing colors. My right eye is swollen shut as it looks as if I have a tangerine quite ripe sitting in my face jutting out ready to be picked. The face swelling came from Sgt. M. Johnson throwing me up against the wall then knocking my head on the wall twice. I repeatedly asked officer King, Sgt. M. Johnson, Lt. Gaston, officer Chester, as well as the Investigator to please loosen up the left leg iron because it was too tight but was instead dragged then carried by Lt. Gaston and Sgt. M. Johnson by the leg irons and hand restraints which include handcuffs plus the black box covering them. I was assaulted because I was requesting that the left leg iron be loosened up a bit because I had lost feeling of my left foot plus it was too tight and hurting my leg. There is plenty of camera footage and medical records that validate my Eigth Amendment rights were feloniously disregarded. The administrator's stood and watched in approval as I was degraded, disrespected, and assaulted during this entire situation. I demanded medical so the Major had a nurse called up to come to us instead of us going to see the doctor especially with the very large lump that had developed as a result of Sgt. M. Johnson banging my head against the brick wall plus the obvious diggi-

g of the restraints into my flesh. Nurse Robertson came and wrote down the lump protruding out of my face (which Capt. Scott also took a photo of during this same time) yet she refused to examine and note the severe swelling of my wrist, that both wrist were bleeding, that both wrist had multiple cuts and bruises, as well as that my left hand was totally numb. She didn't even give me an ice pack for the large lump sticking out but instead was in and out in just 2 minutes or less. Now my eye is swollen and closed shut as the infection and hemorrhaging from my forehead and right eyebrow have fully set in. Not to forget that my eyelid is constantly changing colors, oozing puss, and is still the size of an orange with no indication of going down. All of the aforementioned has occurred on the same day within the time limit mentioned. (I wrote two reports/letters to the Commissioner, Felicia Hall, subordinate MDOC administrators, and M.T.C. Vice President Robyn Williams specifically about the two previous assaults by Sgt. M. Johnson on May 5th, 2018 and May 10th, 2018.) This is an ongoing issue and very serious problem which is why I have done this A.R.P. in accordance with the procedural guidelines of MDOC Grievance Procedures #20.08. Thereby, I shall be expecting for my First Step Response Form within the 45 days allotted by such said policy. This is the only way for justice to stop the abuse by excessive force.

Relief Sought:

For Contract Monitor of MDOC, Warden Jody Bradley, Deputy Warden Gabriel Walker, Deputy Warden T. Toomey, Major Terry Daniels, Investigator Turner, Lt. Gaston, Sgt. M. Johnson, Officer King, Nurse Robertson to be fired. Otherwise, we will settle this in the U.S. District Court in Jackson, MS at a public jury trial for full compensation of all damages and degradation.


This is within the power of A.R.P. to grant because it/this will be sent to MDOC for the instructions to resolve this matter immediately.



Signature and MDOC # Chog Pinkston  148934  Date: May 18th, 20..

H-108

INMATE RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
### Administrative Remedy Program

ARP # _WCCL_ - _18_ - _365_

Date: _10-28-18_

Received By: _C. Bus Potts_          _148935_
                                      MDOC #
Witness: _J Williams_          _Greer Conrad_
                                      TITLE

_____ Form ARP-1 — Offender's relief form

_____ Form ARP-2 — 1st step response

_____ Form ARP-3 — 2nd step response

_____ 5-Day extension

_____ Step 2 denial

___✓___ Rejected

_____ Letter #

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy
Program Director to become part of inmate's ARP file

WHITE ORIGINAL - ADMINISTRATIVE REMEDY PROGRAM DIRECTOR

CODE: 0700

ARP-1

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

### WCCF-18- 400

First Step Respondent: T. Daniel
Location: **Wilkinson County Correctional Facility**

Offenders' Name and No.: **Chaz Pinkston #148934**
Unit: **Wilkinson County Correctional Facility**

Date of incident:                                    OT #33

☒ **ACCEPTED:** This request comes to you from the Director of Administrative Remedy Program. See the attached request from the offender. **Please return your response to this office within 30 days of this date.**

☐ **REJECTED:** Your request has been rejected for the following reason(s):

　☐ Relief is beyond the power of the Mississippi Department of Corrections to grant

　　☐ The complaint concerns an action not yet taken or a decision which has not yet been made .

　☐ There has been a time lapse of more the fifteen (15) days between the **RVR(s)** and the initial request:
　　　　Incident happened on　　received in this office on

　☐ There has been a time lapse of more the fifteen (30) days between the event and the initial request:
　　　　Incident happened　　. received in this office on

　☐ The Mississippi Department of Corrections does not handle Parole Board matters

☐ Other:

_____
Director of Administrative Remedy Program

_____
7/16/18
Date

ARP
FORM

Mississippi Department Of Corrections
Administrative Remedy Program

JUN 1 5 2018

Cause Number

From: Chaz Pinkston     148934     H.T.K H-pod Cell #108
                        MDOC #              Unit

Date: June 13th 2018

This is a Request For Administrative Remedy

I am in "maximum security" under long-term segregation status, yet am under an additional lockdown of "collective/group punishment" by MDOC and M.T.C. administration's. This is totally unlawful, felonious, knowingly disobeying the U.S. Constitution and MS Constitution by subjecting me to an additional lockdown for any and all issues and incidents that occur in general population and/or with other prisoners in "maximum security". This is "cruel and unusual punishment" under the eighth amendment plus deprivation of life, liberty, limb, and property and violating due process of law under the fourteenth amendment. Also not to forget the first amendment. I am being forcibly subjected to this "collective/group punishment" for months upon months at the administration's above whims. This not only is blatant disobedience to the Constitution(s) plus all laws of the state legislative but also completely disregards the Mississippi Department of Corrections own policies and procedures. General Standards Of Professional Conduct #03-01 page 2 lines 86-93, 106-108 under PRECEPTS: Code of Ethics of page 1: "All staff, contractors, interns and volunteers are held accountable for compliance with the code of ethics ... Employees will protect the civil, legal, and applicable constitutional rights of all offenders. Employees are expected to conduct themselves in a dignified, impartial and professional manner." There is also the Long-Term Segregation policy being stomped on. This is wanton infliction of pain at its most deformed stage. On June 11th, 2018, Richard Pennington, had a letter sent to me (received on June 12th 2018) that I had five (5) days from receipt of his letter to file this ARP. Therefore, this ARP is timely and meets all procedural guidelines and protections. It is most definitely within the power of A.R.P. to grant expeditiously!

Remedy Sought:

For immediate uplifting of my being subjected to these "collective/group punishments" in totality, while am housed in "maximum security" for duration. In application of the Constitution(s), Congress Civil Rights Institutionalized Persons Acts, and MDOC's own aforementioned policies.

Signature and MDOC # Chaz Pinkston #148934 ... Date: June 13th 2018

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**
**Administrative Remedy Program**

ARP-2

NUMBER  WCF - 18 - 400

## FIRST STEP RESPONSE FORM

Type or use ball point pen. You must return your response to the Administrative Remedy Program Director within 30 days of the date the request was initiated.

To: *Chan Pinkston 148934*
Inmate's Name and DOC#

From: *T. Daniel*
Person to whom 1st Step is Directed

*WCCF*
Housing Unit

*Major-WCCF*
Title/Location

If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Administrative Remedy Program Director within 5 days of your receipt of this decision.

As of July 9, 2018 MDOC Allowed
the Wilkinson County Correctional Facility
to operate under normal operations.

Relief Granted

_____      7.30.18
Signature                              Date

( ) I am not satisfied with this response and wish to proceed to Step Two.
REASON:

_____

_____

( ) I wish to cancel this complaint. You do not have to return this and time limits will cancel complaint.

ARP-2

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**
**Administrative Remedy Program**

NUMBER  WCF  18 - 400

**FIRST STEP RESPONSE FORM**

Type or use ball point pen.  You must return your response to the Administrative Remedy Program Director within 30 days of the date the request was initiated.

To: _Chaz Pinkston_ 148934    _WCCF_
       Inmate's Name and DOC#             Housing Unit

From: _T. Daniel_    _Major-WCCF_
        Person to whom 1st Step is Directed     Title/Location

If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Administrative Remedy Program Director within 5 days of your receipt of this decision.

As of July 9, 2018 MDOC Allowed
THIS WILKINSON COUNTY CORRECTIONAL FACILITY
TO OPERATE UNDER NORMAL OPERATIONS.

Relief Granted

_T. Daniel_                    _7.30.18_
       Signature                        Date

[X] I am not satisfied with this response and wish to proceed to Step Two.
REASON:

I have been subjected to "collective/group punishment" continuously since I
have been here at this place. Am currently still being subjected to it by the
—See Additional Page—

( ) I wish to cancel this complaint.  You do not have to return this and time limits will cancel complaint.

_Chaz Pinkston_ #148934          _August 7th 2018_
Inmate's Signature     DOC#                    Date

Administrative Remedy Program Director - ORIGINAL

Addendum to Administrative Remedy Program
First Step Response Form

Continued:

continues refusal to obey and provide my constitutional guarantees, rights, privileges, and immunities. The television for this end of the pod has been broken for weeks yet this administration repeatedly refuses to replace it saying, 'The pod suffer with the bad and we all are responsible for as well as accountable for each other(s) actions irregardless of our being in single man cell's and the Eigth Amendment and Fourteenth Amendments.

Seriously, from January 29th, 2018 to July 2018 I have been forcibly subjected to "collective/group punishment" for issues and situations that repeatedly occur in general population here, in general population at other facilities, and in "maximum security" whether individuals or an individual other than myself are responsible. I have yet to see any memo from MDOC administrator's stating specifically that "maximum security" prisoners were and/or to be deprived, federally-mandated recreation of five hours weekly, confidential attorney/client phone calls at any time, legal services especially those when a judge has mandated a deadline to be met, appropriate grievancy standards weekly, all social services, all religious services, etc.... In short, there doesn't exist a memo nor formal written policy approving that "maximum security" be subjected or managed under the same policies as general population. However, here at Wilkinson County, Contract Monitor Larry Lee, Warden J. Bradley, Deputy Warden of Administration/Security Gabriel Walker, Deputy Warden of Programs T. Toomey, Major T. Daniels, Captain J. Green, Lieutenant Gavhn or Gavho, and the Unit Manager have and continue to enforce "cruel and unusual punishment" stemming from their in-house rules and unwritten customs, while breaching the contract (or which I am a third-party beneficiary) by not allowing the Civil Rights Institutionalized Persons Act plus the U.S. Constitution, American Correctional Association policies, and MDOC policies that specifically and particularly benefit me and other "maximum security" prisoners even attempt to be applied.

Don't worry though the $28,000,000.00 plus that the Mississippi Legislative seat apportioned to Wilkinson personally and the A.C.A. just released to them will suffice for the aforementioned, and those who know I don't know nor did I mention in M.T.C. and M.D.O.C. upper administration, in compensatory damages. See Y'all In Court. You have 'till July from Receipt of July 2018 to send Me the First Response Step Section Out Right!

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-18-400

### SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #:  **Chaz Pinkston #148934**
        Location:  **Wilkinson County Correctional Facility**

        From:  **J. Bradley**
        Title:  **Warden**

---

In response to your ARP claim. In reference to you requesting immediate uplifting of being subject to collective/group punishment. Your claim has been investigated. The information gathered reveals the current lockdown was ordered by MDOC. According to policy and procedures when the facility goes on lockdown privileges and activities may be restricted for the amount of time and to the extent necessary to restore security and order to protect both staff and offenders. Some unit/facility activities may continue at the discretion of the Facility's Controlling Authority. I consider this matter resolved at this level.

_____                    9-11-18
Signature                                         Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program at WCCF under extraordinary circumstances and is eligible to seek judicial review in state or federal court within 30 days of receipt of the Second Step Response. Financial responsibility for such filing rests with the inmate.

_Chaz Pinkston_        _148934_         9-13-18
Inmate's Signature       DOC #            Date

STAFF RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
### Administrative Remedy Program

Request for ___✓___ _____ Response Receipt
   1st      2nd

ARP Number _WCF_ _18_ . _400_

                                    #148934

Request for Response to: _Chaz Dinkston_
                           Inmate        Number

Received by: _____   7.18.18
                Respondent's Signature      Date

Please prepare a response on Form ARP-2 and return to the Administrative Remedy Program Director within 30 days of this date.

1st page of this receipt is to be returned to the Administrative Remedy Program Director to become part of the inmate's ARP file

WHITE ORIGINAL - ADMINISTRATIVE REMEDY PROGRAM DIRECTOR

INMATE RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
### Administrative Remedy Program

ARP # _Wcc1_ - _18_ - _400_

Date: _8-7-18_

Received By: _C.Luhsia_          _148434_
                                   MDOC #

Witness: _Snow_                  _ARP_
                                   TITLE

_____ Form ARP-1 — Offender's relief form

✓ Form ARP-2 — 1st step response

_____ Form ARP-3 — 2nd step response

_____ 5-Day extension

_____ Step 2 denial

_____ Rejected

_____ Letter #

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy
Program Director to become part of inmate's ARP file

WHITE ORIGINAL - ADMINISTRATIVE REMEDY PROGRAM DIRECTOR

STAFF RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
### Administrative Remedy Program

Request for _____  ✓_____ Response Receipt
1st          2nd

ARP Number  WCCF - 18 - 400

Request for Response to: Chaz Pinkston  #148934
Inmate                              Number

Received by: [signature]  9-11-18
Respondent's Signature        Date

**Please prepare a response on Form ARP-2 and return to the Administrative Remedy Program Director within 30 days of this date.**

**1st page of this receipt is to be returned to the Administrative Remedy Program Director to become part of the inmate's ARP file**

WHITE ORIGINAL - ADMINISTRATIVE REMEDY PROGRAM DIRECTOR

INMATE RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
### Administrative Remedy Program

ARP # _WCCF_ - _18_ - _400_

Date: _9 - 13 - 18_

Received By: _Chris PinKston_        _148734_
MDOC #

Witness: _____        _ARP_
TITLE

_____ Form ARP-1 --- Offender's relief form

_____ Form ARP-2 --- 1st step response

__✓__ Form ARP-3 --- 2nd step response  _/Certificate_

_____ 5-Day extension

_____ Step 2 denial

_____ Rejected

_____ Letter #

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy
Program Director to become part of inmate's ARP file

WHITE ORIGINAL - ADMINISTRATIVE REMEDY PROGRAM DIRECTOR

ARP # _WCCF_ . _18_ . _400_

=# _148934_

INMATE NAME & # _Chaz Pinkston_ LOCATION _H-48_

## 1ST STEP

TO: _J. Daniel_

FROM: ADMINISTRATIVE REMEDY PROGRAM DIRECTOR

REC'D BY: _L. Daniel_
      **RESPONDENT**      AUG 0 6 2018

DATE: _7-18-18_

REC'D BY: _C Pik_
      **INMATE**

DATE: _X 8-7-18_

## 2ND STEP

TO: _Chaz Pinkston #148934_
      **INMATE**

FROM: SUPT./WARDEN/CCD/PHYSICIAN
      **2ND STEP RESPONDENT**
      _9-11-18_

REC'D BY: _Chaz Pinkston_
      **INMATE**

**Code: 0700**

ARP-1

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

### WCCF-18-465

First Step Respondent: **Rejected**
        Location: **WCCF**

Offenders' Name and No: Chaz Pinkston #148934

REJECTED

☐ **ACCEPTED:** This request comes to you from the Director of Administrative Remedy Program. See the attached request from the offender. **Please return your response to this office within 30 days of this date.**

**OT#34**

☒ **REJECTED:** Your request has been rejected for the following reason(s):

☐ Relief is beyond the power of the Mississippi Department of Corrections to grant

☐ The complaint concerns an action not yet taken or a decision which has not yet been made

☐ There has been a time lapse of more the fifteen (15) days between the **RVR(s)** and the initial request:
        Incident happened on received in this office on.

☐ There has been a time lapse of more the thirty (30) days between the event and the initial request:
        Incident happened on received in this office on.

☐ The Mississippi Department of Corrections does not handle Parole Board matters

☒ Other: **BEYOND THE POWER OF ARP TO GRANT.**

Director of Administrative Remedy Program          8/9/18

                                                 Date

Mississippi Department Of Corrections
Administrative Remedy Program

Case Number

From: Chaz Pinkston            145893st            H.T.K Hspral Cell#202
                                MDOC #                Unit

Date: July 5th, 2018

This is a Request for Administrative Remedy

On July 4th 2018, I, Chaz Pinkston, called officer L. Jackson to the cell door (while the Sgt. and Lt.) were next door dealing with an serious observation of civil rights. I requested to speak with Capt. J. Green concerning a serious institutional matter of which officer L. Jackson first sent Sgt. Trench. to me. who didn't want to help, officer L. Jackson sent Lt. Gaston to me but he refused to come to the cell door and walked away instead. Officer L. Jackson called Captain J. Green by radio twice before his arrival. Captain J. Green went and talked to my neighbor and once he was alone, proceeded to leave upon which officer L. Jackson called after him and said that I needed to speak with him. However, Lt. Gaston came to the door. I told him I need to speak with Captain J. Green personally in accordance with the MDOC policy which states "When a high ranking administrator is called by a prisoner to assist with the finding/fixing an institutional matter then they "must" be called to assist the prisoner immediately before any use of force may begin". Well Captain J. Green and Lt. Gaston started leaving the pod. I began yelling to him that I needed to speak with him (Capt. J. Green) that it is important. Officer L. Jackson also tried to stop him saying that she did not want to have any issues with me once she opened the tray slot to serve me (all of this was going in the middle of feed service both lunch and last meal snack/bags) which. Capt. J. Green told her in the presence of Sgt, Lt, "not to serve me my food at all than"! (Up in hearing this plus the attitudes of the other two supervisory (they were all very bad, evasive, and unprofessional) I demanded that officer L. Jackson call the Shift Commander Capt. Scott in order so that I could eat plus to ensure my food had some warmth before my eating it. Upon officer L. Jackson calling Shift commander Capt. Scott to serve me then like bolts of white lightening Capt. J. Green along with his buddy Lt. Gaston burst through the zone door with Capt. J. Green waving

into Trujia at officer L. Jackson and walking/running to her yelling and being highly unprofessional, disrespectful, and wrathful at her for doing the appropriate thing of calling the next official I requested to speak since the under whom refused to even listen or attempt to help. All of this was really due to her also doing her job in accordance with state law, federal law, and MDOC plus A.C.A. 's law and procedure when it comes to ensuring that ask served my food timely, while its heated, and without bias or prejudice toward me as a prisoner irregardless of him being a Captain and her immediate chain of command being corrupt and down with the foolishness. When Shift Commander Captain Scott arrived she was flabbergasted at the emotional rendition of degradation reiterated to her by officer L. Jackson. Though what stunned her most was Sgt. French refusal to speak a word while Lt. Gaston steadily argued against the other prisoners, officer L. Jackson, and my personal account. He even admitted that 'of course am going to ride with him (Captain J. Green) and for him because he is my buddy and gives me free reign.' There is much video footage of this encounter specifically the Capts, Lt, Sgts, unprofessional actions plus their collective inaction to serve me at all. Starving me as a punishment because I am seriously needed help is a direct violation of 18 U.S.C.A. under the Fourteenth Amendment. Also, writing officer L. Jackson up, for not only doing her job properly as well as in retaliation for her defending herself repeatedly from an unwarranted barrage of disrespectful foolishness, is also most-definitely illegal. Multiple MDOC policies like the Code of Ethics within General Standards Of Professional Conduct, Protection From Harm, Long-Term Segregation, and etc....., are blatantly being ignored, Point! I was ordered, by Captain J. Green, Lt. Gaston, ~~████████~~ to be starved. Either this remedy can be done quickly and simply or it will be done publicly, expensively, and extensively against Warden J. Bradley, Captain J. Green, Lt. Gaston, ~~████████~~.

Remedy:

To have the lying write-up/incident report filed to Warden Bradley against officer L. Jackson be immediately dismissed with prejudice.

Signature and MDOC # _Chas Pinkston_ 148934  Date July 5, 2018

H -108

INMATE RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
### Administrative Remedy Program

ARP # _WCCF_ - _18_ - _465_

Date: _8-13-18_

Received By: _____

Witness: _____    TITLE

_____ Form ARP-1 — Offender's relief form

_____ Form ARP-2 — 1st step response

_____ Form ARP-3 — 2nd step response

_____ 5-Day extension

_____ Step 2 denial

___✓___ Rejected

_____ Letter #

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy
Program Director to become part of inmate's ARP file

WHITE ORIGINAL - ADMINISTRATIVE REMEDY PROGRAM DIRECTOR

Code: 0799                                                    **ARP-1**

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

### WCCF-18- 488

First Step Respondent: **Rejected**
          Location: **WCCF**

REJECTED

Offenders' Name and No:  Chaz Pinkston #148934

☐ **ACCEPTED:** This request comes to you from the Director of Administrative Remedy Program. **See the** attached request from the offender.  **Please return your response to this office within 30 days of this date.**

                                                            **OT#**

---

☒ REJECTED:  Your request has been rejected for the following reason(s):

☐ Relief is beyond the power of the Mississippi Department of Corrections to grant

☐ The complaint concerns an action not yet taken or a decision which has not yet been made

☐ There has been a time lapse of more the fifteen (15) days between the **RVR(s)** and the initial request:
          Incident happened on received in this office on.         .

☐ There has been a time lapse of more the thirty (30) days between the event and the initial request:
          Incident happened on received in this office on.         .

☐ The Mississippi Department of Corrections does not handle Parole Board matters

☒ Other:  **BEYOND THE POWER OF ARP TO GRANT.**

_R. Pennington_ OM                          _8/20/18_
Director of Administrative Remedy Program                    Date

Mississippi Department Of Corrections
Administrative Remedy Program

Cause Number

From: Chez Puckatan    148934    H.J.K IIprd. Cell #108
                       MDCC#              Unit

Date: July 25th, 2018

This is a Request For Administrative Remedy

On July 4th, 2018, officer L. Jackson was written up by Captain J. Green for 'false insubordination', due to her serving me my Lunch and Dinner Snackbag after he vehemently disrespected her with demeaning speech plus ordered/demanded that she not give me any food for the entire day Period! She (L. Jackson) had to call Shift-Commander-Scott to "maximum security" in order to override, Captain J. Green and Lt. Gaston, malicious and sadistic torture tactics against me. On July 9th, 2018, Captain J. Green and Lt. Gruden, told me 'He was going to break me' because I (alog with other prisoners) was yelling 'Let the A.C.A. auditors come on the zone and was tapping on the cell door's to get the A.C.A. auditor's attention')! That day my lunch tray was withheld from me plus the prisoners above me busted the sprinkler which led to all my bedding items and towels being destroyed. I told, Captain J. Green and Lt. Gruden, yet was denied any bedding items and replacement of my bathing big towels. I was unable to sleep and was freezing cold for over 36 hours until a Shift Commander sent me bedding items and another Supervisor gave me towels six days later on the weekend. July 11th, 2018 til July 13th, 2018, I wasn't allowed to eat at all (per orders) of Captain J Green, Lt. Gruden, and officer Hughey. I literally, was not only starved of both lunch and dinner trays. They were informing the night shift staff that relieved them I was "refusing" all my trays and not to serve me "any" food. They also mockingly left all these trays on the wall in front of this cell for days. This torture tactic stopped once my family was alerted and demanded that they serve me my food. However, the administrator's as well as the culprits still refused to compensate me

for all the days I was starved dating from Monday to Friday. On July 16, 2018, I went out to the yard pen's for a hair-cut but instead was denied that. Once I came back in I saw that this cell had been unlawfully searched (in accord-ance with MDOC Search & Seizure Policy which must be abi-ded by in strict concurdance with the contract signed between M.D.O.C. and M.T.C.) due to my not being present. M.D.O.C. requ-ires that I be present as well as the Use Of Force camera recording every individual cell search because policy states." "we prisoners are responsible for our own property plus the cam-era is documented proof of what is or isn't in each cell. Upon seeing this plus going through all of my items that were dished-ed I noticed legal documents missing (pertaining to noted violations, noted conversations with administration upper's, noted dates of this information, noted statements of illegal activity from other prisoner's concerning administrative and senior staff memebers, and my SONY ear-buds to my SONY Radio had been taken out. So I asked the officer to inform the Deputy Warden Of Security and/or Deputy Warden of Programs to come speak with immediately about my legal and civil rights being totally disregarded and violated. She asked the Lt. Gruden, who was standing there if she called them of which he said 'No, we ain't calling no body because me and the Captain the ones who went in this cell'! So I refused to handover the handcuffs until I spoke with once the last cuff was undone. Lt. Gruden went and got Captain J. Green of which I res-pectfully was requesting to speak with either Deputy Warden. While I was telling him he started spraying me with an Chemical Aerosol Agent very heavily. Well, once I gave him the handcuffs he closed the tray slot and left me to choke. I wasn't allowed to go to medical to be 'decontaminated' neither was I placed in the yard pen so that the cell front area could be 'decontaminated' by the orderlies. I was unable to see for hours and am still choking from the Agent sprayed in here so ve-ry heavily almost two weeks ago. The issue is simple 'a continues pattern of harass-ing torture tactics'! Violating my Eigth Amendment and Fourteenth Amendment Rights.
Relief Required:
To be fully financially compensated from this facility Contract Vendor and other administrator's along with these direct 'co-conspirator's that are in 'maximum security", frontpart of the two-enty-three million dollar plus budget as well as the additional five million-five hundred thousand dollars the Mo Legislature give them this month in July 2018. In the other ot.

H-pod

INMATE RECEIPT

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

ARP # WCCF 18 - 488

Date: 12-24-18

Received By: _____  1488034

Witness: JWilliams _____ MDOC #
                                   TITLE

_____ Form ARP-1 — Offender's relief form

_____ Form ARP-2 — 1st step response

_____ Form ARP-3 — 2nd step response

_____ 5-Day extension

_____ Step 2 denial

✓ Rejected

_____ Letter #

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy
Program Director to become part of inmate's ARP file

WHITE ORIGINAL - ADMINISTRATIVE REMEDY PROGRAM DIRECTOR

August 4th 2018

From: Chae Pinkston
M.D.O.C.# 148934

To: Governor, Phil Bryant
   Commissioner, Pelicia Hall
   Deputy Commissioner Institutions, Jerry Williams
   Deputy Administrator, Audrey McAfee
   Private Prisons Contract-Director, Tony Compton
   Vice President of M.T.C., Robyn Williams

   I turned in an A.R.P. dated June 13th 2018 which is now over 50 days old and counting yet still no First Step Response received.
   I turned in an A.R.P. dated June 14th 2018 which is now over 50 days old and counting yet still no First Step Response received.
   I turned in an A.R.P. dated June 15th 2018 which is now over 50 days old and counting yet still no First Step Response received.
   I turned in an A.R.P. dated July 4th 2018 which is now over 30 days old and counting yet still no First Step Response received.

   My reason for writing all this at least once a week is to prove that Richard Pennington the M.D.O.C. A.R.P. Director in direct concert with M.D.O.C. Contract Monitor - Larry Lee and Warden J. Bradley, are purposefully, felonously, knowingly, intelligently breaking the M.D.O.C. A.R.P. policy and procedures. This continuos action(s) not only makes the A.R.P. policy invalid but makes them as well as all of you aforementioned civilly liable due to this and the other letters I will be sending for a limited time. Therefore, due to the non-compliance to the A.R.P. S.O.P. #20-08-01 procedural guidelines than I have "exhausted all available remedies" for the four aforementioned A.R.P. (s) and can now proceed directly into the Court(s)!

   I turned in an A.R.P. dated July 26th, 2018 so on August 30th, 2018 if Richard Pennington and Larry Lee and J. Bradley are still

manipulating the grievance system than in accordance with the Due Process Clause of the Fourteenth Amendment than I will have "exhausted all available remedies" and can proceed directly into the Court(s). This letter as well as the others before and after it will effectively abolish your legal counsels defense that I didn't exhaust all administrative remedies because you all subordinate staff are disobeying the laws and policies you all have put in place and by these letters you all refusal to make them obey removes your own immunity and proves your cooperation and advocating this unwritten though formal custom pratice is common. Since, the A.R.P system is now totally ineffective than letter writing is the only effective means for administrate remedies and civil liability. See You All In Court.

Signed; 'Sic' Chaz Pinkston
148934



**STATE OF MISSISSIPPI**
DEPARTMENT OF CORRECTIONS
PELICIA HALL
COMMISSIONER

AUDREY MCAFEE
DEPUTY ADMINISTRATOR

ADMINISTRATION
(601) 359-5636

August 14, 2018

Inmate:  Chaz Pinkston #148934
Unit:    WCCF

Re: Your correspondence to Governor Bryant was received by the MDOC's Directors of Administrative Remedy Program's office on August 14, 2018.

Your correspondence on the above date to the Governor has been forwarded to this office for a response.

Any questions, concerns, complaints, or requests will be addressed according to ARP Policy and Procedure 20.08.01. It may be obtained by utilizing ILAP procedures at your facility. You will have (5) five days from the receipt of this response to submit your issue through regular channels to the ARP office at your housing facility for consideration.

Sincerely,

Richard Pennington, Director
Administrative Remedy Program

PC: Governor
    Comm.
    DCI
    KJ
    DB
    AM
    RW
    RP
    File

INMATE RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
### Administrative Remedy Program #148934
Chaz Pinkston

ARP # _____ - _____ - _____ .

Date: 8-22-18

Received By: Chaz P.                           148934
                                              MDOC #

Witness: JWilliams                            TITLE

_____ Form ARP-1 --- Offender's relief form

_____ Form ARP-2 --- 1st step response

_____ Form ARP-3 --- 2nd step response

_____ 5-Day extension

_____ Step 2 denial

_____ Rejected

____✓____ Letter #  dated 08/14/18

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy
Program Director to become part of inmate's ARP file

WHITE ORIGINAL - ADMINISTRATIVE REMEDY PROGRAM DIRECTOR

CODE:  902                                          ARP-1

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

### WCCF-18- 512

**First Step Respondent:  T. Daniel**
**Location:  Wilkinson County Correctional Facility**

**Offenders' Name and No.:  Chaz Pinkston #148934**
              **Unit:  Wilkinson County Correctional Facility**

Date of incident:                    OT # 36

---

☒ **ACCEPTED:** This request comes to you from the Director of Administrative Remedy Program.  See the attached request from the offender.  **Please return your response to this office within 30 days of this date.**

☐ **REJECTED:**  Your request has been rejected for the following reason(s):

  ☐  Relief is beyond the power of the Mississippi Department of Corrections to grant

      ☐  The complaint concerns an action not yet taken or a decision which has not yet been made

  ☐  There has been a time lapse of more the fifteen (15) days between the **RVR(s)** and the initial request:
            Incident happened on        received in this office on

  ☐  There has been a time lapse of more the fifteen (30) days between the event and the initial request:
            Incident happened            received in this office on

  ☐  The Mississippi Department of Corrections does not handle Parole Board matters

☐ Other: _____

_____            9.17.18
Director of Administrative Remedy Program              Date

Mississippi Department Of Corrections
Administrative Remedy Program

Cause Number _____

From: Chaz Pinkston        148934        H.J.K H-pod Cell #108
        Convict              MDOC #              Unit

Date: August 26th 2018

This is a Request for Administrative Remedy

Newly appointed Private Prisons Contract-Director, D. Banks, Contract Monitor - Larry Lee, M.T.C. Vice President - Robyn Williams, Warden - Jody Bradley, Deputy Warden of Administration/Security, Major - Terry Daniels, are all directly in violation of the Mississippi Department Of Correction - Offender Visitation Policy #31-03-01, effective date 02-01-2014, which was signed into effect and operation by the Deputy Commissioner of Institutions. Page 11 lines 481-484 state; Close Custody offenders will be permitted a maximum of one (1) hour non-contact visitation, one (1) time per month".... Close Custody offenders in general population may be allowed two (2) hours of contact visit with immediate family on the 5th weekend. All of the above administrator's are admittedly refusing to obey this policy and have implemented their own (in-house) policy saying that I cannot receive visits but twice (2) a "year" or just on the 5th Sunday, which is to only once (1) a year and falls this year solely in the month of September 2018. My family "all approved visitor's" have come here four times this year only, to be humiliated by standing at this facility's front gate for hours. They requested three of the last times to speak with the above mentioned facilitator's (while they were standing at the front gate due to the above mentioned administrator's orders to staff not to let them in while they watched them on camera and listened to the entire conversation through the outside microphones) yet were denied to speak with any of them or even to step into the facility at the front desk.

Remedy Sought:
To immediately be allowed to visit with my family this month and every month afterwards in accordance with the MDOC Visitation Policy that is in effect (per orders) of the Deputy Commissioner of Institutions.

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**
**Administrative Remedy Program**

ARP-2

NUMBER _WCCF_ - _18_ - _512_

## FIRST STEP RESPONSE FORM

Type or use ball point pen.  You must return your response to the Administrative Remedy Program Director within 30 days of the date the request was initiated

To: _Chaz Pinkston # 148934_                    _WCCF_
        Inmate's Name and DOC#                        Housing Unit

From: _T. Daniel_                                     _Major / WCCF_
        Person to whom 1st Step is Directed              Title/Location

If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Administrative Remedy Program Director within 5 days of your receipt of this decision.

WILKINSON COUNTY CORRECTIONAL FACILITY
WILL HONOR ANY DIRECTIVE IN POLICY &
PROCEDURES THAT ALLOWS VISITATION TO
THIS CLASSIFICATION lvl OF OFFENDER
WITHIN IT CONFINES.

_S. Daniel_                              _10, 4, 2018_
Signature                                      Date

[X] I am not satisfied with this response and wish to proceed to Step Two.
REASON:
No Wilkinson County want neither have they obeyed M.DOC. visitation policy. I am how B-custody and housed in "maximum security" yet still I haven't gotten my two visi-
— See Attached Addendum Page —

( ) I wish to cancel this complaint.  You do not have to return this and time limits will cancel complaint.
_Chaz Pinkston      148934_                        October 4th, 2018

Addendum To Administrative Remedy
First Step Response Form
WCCF-18-512

Page 1 of 1

continued: etc. for this month neither any month prior and still counting. My family came to visit me for our non-contact visits four times this year in accordance with the Mississippi Department Of Corrections -Offender Visitation Policy #31-03-01. and M.T.C. own handbook that they pass out here. However, my family was demeaned, disrespected, and denied access every time by the head facility administrator's. They weren't even allowed in through the front gate after repeatedly requesting to speak with Contract Monitor-Larry Lee, Warden-Jody Bradley, Deputy Warden of Administration/Security - Gabriel Walker, and Major-Terry Daniels. Also, Robyn Williams-V.P.

I have access to A.C.A. and M.D.O.C. policies. My family has access to A.C.A. and M.D.O.C. policies. M.T.C has signed a contract to obey all of M.D.O.C. policies and procedures in dealing with me due to my being a third party beneficiary. M.T.C. gets accreditation from the A.C.A. for agreeing and auditor's saying their obeying the A.C.A. policies. So there is no excuse neither reasonable explanation why M.T.C. administrator's continue to operate by their own in-house rules. M.D.O.C. Pelicia Hall, Jerry Williams, Tony Compton, D. Banks, Larry Lee, and Deputy Administrator-Audrey McAfee, tell all M.T.C. staff to do what they want and give them the it's all good by constantly not obeying the A.C.A. policies themselves. not enforcing their own clear-conscie policies that are drafted from the A.C.A. policies. I will see all of you in Court so that we can resolve this warehousing and informal policies in Court.

Sincerely,
Mr. Chase Pinkston

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

### WCCF-18-512
### SECOND STEP RESPONSE FORM

You must respond to the Inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #:  **Chaz Pinkston #148934**
Location:  **Wilkinson County Correctional Facility**

From:  **J. Bradley**
Title:  **Warden**

In response to your ARP. In reference to you requesting to be allowed to visit with your family every month in accordance with the MDOC policy. Your claim has been investigated. According to the information gathered Long Term Segregation offender are allowed visitation every 5th Sunday of the month for 1 hour non-contact. Visitation is a privilege that will be approved, denied, suspended and /or revoked by the Facility's controlling authority. I consider this matter resolved at this level.

Signature                                                      Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program at WCCF under extraordinary circumstances and is eligible to seek judicial review in state or federal court within 30 days of receipt of the Second Step Response. Financial responsibility for such filing rests with the inmate.

Inmate's Signature                    DOC #                    Date
10-17-18

STAFF RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
### Administrative Remedy Program

Request for _____ ✓_____ Response Receipt

1st    2nd

ARP Number  WCCF - 18 - 512

Request for Response to: Ozkile Pinkston  # 148934

Inmate        Number

Received by: _____ 10-17-18

Respondent's Signature      Date

Please prepare a response on Form ARP-2 and return to the Administrative
Remedy Program Director within 30 days of this date.

1st page of this receipt is to be returned to the Administrative Remedy
Program Director to become part of the inmate's ARP file

WHITE ORIGINAL - ADMINISTRATIVE REMEDY PROGRAM DIRECTOR

STAFF RECEIPT

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

Request for ___✓___ _____ Response Receipt
        1st        2nd

ARP Number _NCCF_ . _18_ . _512_

Request for Response to: _Chaz Pinkston_ # _148934_
                          Inmate              Number

Received by: _____  _9,25,18_
             Respondent's Signature    Date

Please prepare a response on Form ARP-2 and return to the Administrative Remedy Program Director within 30 days of this date.

1st page of this receipt is to be returned to the Administrative Remedy Program Director to become part of the inmate's ARP file

WHITE ORIGINAL - ADMINISTRATIVE REMEDY PROGRAM DIRECTOR

INMATE RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
### Administrative Remedy Program

ARP # _WCCF_ - _18_ - _512_

Date: _10/9/2018_

Received By: _Chae Pinkston_   _148834_ MDOC #

Witness: _Williams_   _ARP Coord._ TITLE

_____ Form ARP-1 — Offender's relief form

✓ Form ARP-2 — 1st step response

_____ Form ARP-3 — 2nd step response

_____ 5-Day extension

_____ Step 2 denial

_____ Rejected

_____ Letter #

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy
Program Director to become part of Inmate's ARP file

WHITE ORIGINAL - ADMINISTRATIVE REMEDY PROGRAM DIRECTOR

INMATE RECEIPT

## MISSISSIPPI DEPARTMENT OF CORRECTIONS
### Administrative Remedy Program

ARP # _WCCF_ . _18_ . _512_

Date: _10-17-18_

Received By: _Chaz P_          _L48984_
                                    MDOC #

Witness: _J. Williams_          _Young, Cpl._
                                      TITLE

_____ Form ARP-1 --- Offender's relief form

_____ Form ARP-2 — 1st step response      /cert.

___✓___ Form ARP-3 --- 2nd step response

_____ 5-Day extension

_____ Step 2 denial

_____ Rejected

_____ Letter #

_____ Other

1st page of this receipt is to be returned to the Administrative Remedy
Program Director to become part of inmate's ARP file

WHITE ORIGINAL - ADMINISTRATIVE REMEDY PROGRAM DIRECTOR

ARP # WCCF - 18 - 512

INMATE NAME & # Chaz Pinkston #148934 LOCATION _____
H-108

## 1ST STEP

TO: T. Daniel

FROM: ADMINISTRATIVE REMEDY PROGRAM DIRECTOR

REC'D BY: _____
**RESPONDENT**

DATE: 9.25.18

REC'D BY: /Chaz Pinkston
**INMATE**

DATE: 10/9/2018

## 2ND STEP

TO: Chaz Pinkston #148934
**INMATE**

FROM: SUPT./WARDEN/CCD/PHYSICIAN
**2ND STEP RESPONDENT**

REC'D BY: Chaz P
**INMATE**

DATE: 10-17-18